## Commonwealth v. Alexander, Appellant.

Submitted April 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

.*Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Leonard S. Goodman* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, June 27, 1969:

In June 1954, having been charged with murder, voluntary manslaughter, involuntary manslaughter, aggravated assault and battery, and assault and battery with intent to kill, appellant Alexander pleaded guilty to murder generally and to all other charges. Appellant was found guilty of second degree murder, and his sentences on all indictments totaled 20 to 41 years. No appeal was taken from the judgment of sentence.

Appellant subsequently filed several Post Conviction Hearing Act petitions attacking the validity of his sentence; none of these petitions is now before us. In 1968 appellant filed a Post Conviction Hearing Act petition in which he argued that he was denied his right to a direct appeal from his conviction; in consequence he requested leave to file a direct appeal *nunc pro tunc.* After a hearing at which appellant was represented by counsel, the lower court denied the instant petition, and this appeal was taken.

Both grounds upon which appellant's conviction following his guilty plea might be contested, namely, the validity of the plea and the lawfulness of the sentence, are claims which may be heard collaterally. See *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967). Appellant argues, however, that collateral review is inadequate because oral argument is restricted on appeals from a collateral attack while oral argument is granted as of right in direct appeals. Appel-

lant explicitly requests us to reconsider our decision in *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968), holding that appellate review of a post-conviction hearing is a satisfactory substitute for the review afforded by direct appeals to this Court, even though no absolute right to oral argument exists in appeals from collateral proceedings. Appellant has advanced no new reason why we should repudiate the *Walters* case, nor do we see any reason to do so. We fail to see how the submission of a case on briefs alone, provided the appellant has the aid of counsel in the preparation of such briefs, deprives appellant of the right of appeal guaranteed by the Constitution of the United States.

Finally, while we have no desire to discourage persons from pressing any legitimate claims they may have, we note that the present appeal, filed as it was only seven months after the *Walters* decision was handed down, without a dissenting vote, would have us effectively ignore the doctrine of *stare decisis.* Although members of the Court have differed from time to time as to the application of the doctrine, none of us would outlaw it.

Order affirmed.