Commonwealth *v.* Sanchez et al., Appellants.

*Thomas P. Ruane, Jr.* and *John F. Wagner, Jr.,* Assistant Public Defenders, for appellants.

*Donald J. McCue,* Assistant District Attorney, and *Richard D. Cicchetti,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This is an appeal from judgments of sentence imposed upon appellants for robbery with an accomplice.

At trial, after the testimony of two witnesses had been completed, the appellants requested leave to withdraw their pleas of not guilty and enter guilty pleas to the charges. The lower court then engaged appellants in an extensive colloquy to determine the voluntariness and intelligence of the pleas following which the court accepted the pleas and imposed sentence. This appeal followed.

The contention raised by both appellants relates to the validity of the guilty pleas. Identical briefs were submitted on behalf of both appellants. After outlining the history of the case, the briefs quote the colloquy conducted by the trial judge. At the conclusion of this quotation, the argument states in two sentences that the pleas were not voluntarily or knowingly entered.

We are not satisfied that such an argument satisfies the requirement of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) that appellants be afforded the services of an *advocate* on appeal. Following *Anders* and *Commonwealth v. Baker*, 429 Pa. 209 (1968), counsel on appeal has one of two choices: he may file a brief and argue the case, or counsel may request to withdraw from the case if he finds the appeal to be frivolous. If counsel chooses the former, he must act as an *advocate* in advancing his client's cause, and not merely argue issues in a perfunctory manner. *Commonwealth v. Baker*, supra. If he chooses the latter and "finds his [the client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S. Ct. at 1400.

The latter option was not formally pursued by counsel in the instant case as he did not request leave to withdraw from the appeal. It is clear, furthermore, that the first option has not been pursued in a manner which effectuates appellants' right to appeal. Counsel has not argued that the colloquy conducted by the trial judge inadequately apprised the appellants of the consequences of their pleas. Nor has counsel referred to any specific factual matters to sustain his conclusory statement that the pleas were unknowing or involuntary. Given such deficiencies, we refuse to pass on the merits of an issue which has been argued in such a perfunctory manner.

This case is, therefore, remanded to the lower court with instructions that appellant's appointed counsel either prepare a proper advocate's brief, or that he file a request for withdrawal that complies with *Commonwealth v. Baker,* supra.