380 A.2d 429

**COMMONWEALTH of Pennsylvania**

v.

**Wilbert BELLAMY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 2, 1977.

Richard R. Fink, First Assistant Public Defender, Doylestown, for appellant.

No appearance for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

On January 27, 1975, appellant Wilbert Bellamy entered a guilty plea to robbery [1] and conspiracy [2] to commit robbery. He was subsequently sentenced to a two to six year term of imprisonment. An appeal was filed, and appellant's counsel filed a "brief" in which he requested permission to withdraw from further representation. Counsel failed to comply with the mandates of *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and the case was therefore remanded pursuant to the following order:

"AND NOW, to-wit, this fourth day of May, 1977, the request of appellant's counsel to withdraw from this appeal is denied for the reason that the brief accompanying such request is not in compliance with *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). Accordingly, the case is pending and appellant's counsel is directed to file either a brief in compliance with *Commonwealth v. Baker*, supra, or an advocate's brief. *Cf. Commonwealth v. Sanchez*, 224 Pa.Super. 391, 307 A.2d 387 (1973); *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1964)."

Pursuant to this order, counsel has submitted another brief. The only differences between the briefs are that in the second, counsel added three sentences, deleted one sentence and misspelled the word severe. Two of the three additional sentences are directed toward demonstrating the

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

frivolity of appellant's claim. The substance and format of the second brief is identical to the first. This is obviously inappropriate.

In addition, although it appears that counsel is again requesting to withdraw, he has not submitted a petition to this effect. Appellant's original petition to withdraw was contained in the conclusion to his first submitted brief.[3] In the conclusion to his second brief, counsel asserts merely that he is unable to raise any issue that would not be frivolous. There is no specific request to withdraw. Actually, this omission is not particularly important to our disposition because the brief is inadequate for any purpose.

■ It is well established that before counsel may be permitted to withdraw from an appeal which he believes to be frivolous, he must "(1) request the court's permission to withdraw, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel." *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974).

■■ When preparing the brief that is to accompany his request to withdraw, *counsel may not brief the case against his client. Counsel "must afford his client a spirited defense and is required to assume 'the role of an active advocate in behalf of his client . . . .'"* *Commonwealth v. Perry*, 464 Pa. 272, 275, 346 A.2d 554, 555 (1975), *quoting Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This rule is applicable irrespective of whether counsel is seeking to prosecute the appeal on the merits or to withdraw from further representation. *Commonwealth v. Perry, supra; Commonwealth v. Palmer*, 455 Pa. 111, 314

---

**3.** The preferred practice is for counsel to submit his request to withdraw as a separate document. It should not be included in the brief which refers the court to any arguable issues. *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968).

A.2d 853 (1974); *Commonwealth v. Greer, supra.* In the final analysis it is for this court to decide whether or not the appeal is frivolous. *Commonwealth v. Jones,* 451 Pa. 69, 301 A.2d 811 (1973). The above cited cases clearly demonstrate our supreme court's intention to require virtually identical, advocate-type briefs whether counsel is attempting to withdraw or to prosecute the appeal on the merits.

In the briefs submitted in the instant case, counsel phrased the primary issue as follows: "Are there any issues in the record on which counsel could reasonably base an argument that would not be frivolous?" The argument summary states that "[t]here are no issues present in the record on which counsel could reasonably base an argument with a chance of securing relief. . . ." The remaining arguments attempt to establish that (1) the lower court had jurisdiction, (2) the guilty plea was valid and (3) the sentence was proper.

■ At one point, counsel weakly argues that appellant's sentence would seem to conflict with the Sentencing Code.[4] Counsel, however, rejects this argument as frivolous. This *amicus curiae* type of brief is totally improper. *See Commonwealth v. Turner,* 248 Pa.Super. 306, 375 A.2d 110 (1977).

■ Normally, we would remand this case for the filing of a proper brief and either a request to withdraw in accordance with *Commonwealth v. Baker, supra,* or the prosecution of the appeal on the merits. We are greatly disturbed by counsel's resubmission of a brief which we previously rejected. This practice is condemned. We are concerned that counsel is unable or unwilling to afford appellant effective assistance. We therefore find that appellant is entitled to new counsel to effectuate his appeal.

The case is remanded with directions for the lower court to appoint new counsel not associated with the Public Defender's Office.

4. 18 Pa.C.S. §§ 1301–82 (Supp. 1977–78).