437 A.2d 982

**COMMONWEALTH of Pennsylvania,**

v.

**Donald Lakey REESE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1981.

Filed Nov. 30, 1981.

Harry L. Green, Jr., Lansdale, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and CAVANAUGH, JJ.

CAVANAUGH, Judge:

In this case, the appellant was tried in 1975 for offenses allegedly occurring on December 2, 1973, and was convicted of simple and aggravated assault, assault by prisoner and attempted murder. Following denial of post-verdict motions he was sentenced to an aggregate of eight to twenty years imprisonment. Appellant appealed to this court and the judgment of sentence was affirmed, opinion by Cercone, J. *See Commonwealth v. Reese*, 237 Pa.Super. 326, 352 A.2d 143 (1976).

In January, 1980, the appellant filed a petition under the Post-Conviction Hearing Act, and present counsel on appeal was appointed to represent him in the proceedings. Following a hearing before Lowe, P. J., appellant's petition was dismissed and he has appealed to this court from the order of dismissal.

The matter was submitted to this court on May 4, 1981 on the basis of appellant's brief. In appellate counsel's summary of argument he states that he has "reviewed the record and concluded that defendant's complaints are legally unfounded and that the instant appeal is frivolous and without merit, save only the aspect of mental competence, which Mr. Reese has directed counsel not to pursue." The district

attorney has not filed a brief but wrote to our prothonotary stating that: "The Commonwealth agrees that the claims raised by appellant are without merit. . ."

The cases of *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967) and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968) are the starting points of any consideration of counsel's belief that his client's claims are frivolous. Our Supreme Court pointed out in *Commonwealth v. Baker*, at 429 Pa. 211, 212, 239 A.2d 202 (1968):

The Supreme Court of the United States has recognized in *Anders* that even the most diligent court appointed counsel may sometimes justifiably believe that he is being asked to pursue an appeal totally devoid of merit. However, because it is also fundamental to the notion of equal justice for all that the indigent defendant receive just as spirited a defense as the man who can retain private counsel, the Supreme Court has set forth very strict standards, now applicable to the states, which counsel and the appellate court *must* follow before an attorney may be permitted to withdraw his services. *Anders* gives to counsel two choices when representing an indigent client on appeal. He may, of course, file briefs and argue the case. But *Anders* emphasizes, throughout the Court's opinion, that the brief must be that of an advocate, not an *amicus curiae.* 386 U.S. at 742, 87 S.Ct. at 1399. Or counsel may choose to withdraw his services, in which case this procedure must be followed: "[I]f counsel finds his [the client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses * * *." 386 U.S. at 744, 87 S.Ct. at 1400.

*See* also *Commonwealth v. Lowenberg*, 493 Pa. 232, 243, 425 A.2d 1100, 1105–1106 (1981).

In the instant case counsel did not file an advocate's brief but a brief which in effect was in support of the order of the court below dismissing his client's petition. In fact "it could have been submitted as an argument in support of affirmance." *Commonwealth v. Tracy*, 266 Pa.Super. 357, 358, 404 A.2d 1328, 1329 (1979). If counsel chooses not to file an advocate's brief because he finds his client's case to be wholly frivolous he must then file a petition to withdraw and follow the procedure set forth in *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974) as follows:

> *Anders* and *Baker* require that before appointed counsel may withdraw, he must thoroughly examine the record and determine whether his client's case is wholly frivolous. If he so determines, counsel must then (1) request the court's permission to withdraw, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel. See *Anders v. California*, supra, 386 U.S. at 744, 87 S.Ct. at 1400; *Commonwealth v. Jones*, supra, 451 Pa. [69] at 73, 301 A.2d [811] at 813–814: *Commonwealth v. Baker*, supra, 429 Pa. at 214, 239 A.2d at 203. It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* "appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court." ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.3, Commentary at 297 (Approved Draft, 1971).

The court pointed out in *Greer* that the third requirement, notification to the client is the most important requirement.

In the instant case appellate counsel did not file a petition to withdraw as counsel and yet filed a brief characterized as an *"Anders-Baker"* brief which would ordinarily

48

accompany such a petition. In fact, his client is in a far worse position than he would have been in if counsel petitioned to withdraw, because counsel has elected to remain as appellate counsel and has filed a brief that presents no arguments on behalf of his client. In his appellate brief, counsel has listed five issues under statement of questions involved. The first issue is whether the sentence of the lower court on the charge of criminal attempt to commit murder was proper. Counsel sets forth the facts and concludes that the sentence was proper. The second issue is whether the charges of assault by a prisoner and an attempt to commit murder merged with the result that the defendant may only be sentenced on one of the charges. Counsel for appellant argues vigorously that this issue is without merit. The third issue is whether appellant was improperly convicted of attempted murder and assault by prisoner because he was suffering from a mental disability at the time of the offense. Counsel for the appellant states that he has been instructed by the appellant not to pursue this inquiry and therefore has not done so. The next issue is whether the defendant was denied the right to representation by competent counsel. Counsel argues that he can find no basis for this claim. He further states in this regard: "In conversations with Mr. Reese, he did not indicate that this was a matter of great concern to him and gave no basis for arguing incompetence or ineffectiveness to the court." Finally, counsel raises the issue as to whether the defendant's conviction was improper under Pa.R.Crim.P. 1100 and concludes that the question was answered in the negative on the direct appeal taken by the appellant.

■ If defense counsel chooses to represent a client on appeal the brief filed "must be that of an advocate." *Commonwealth v. Baker*, 429 Pa. 209, 211, 239 A.2d 201, 202 (1968). "Counsel must afford his client a spirited defense . . . He may not assume the role of amicus curiae." *Commonwealth v. Perry*, 464 Pa. 272, 275, 346 A.2d 554, 555

(1975).  *See* also *Commonwealth v. Shank*, 258 Pa.Super. 243, 392 A.2d 775 (1978).  Our court has stated that "it is incumbent on counsel to submit 'virtually identical, advocate-type briefs whether counsel is attempting to withdraw or to prosecute the appeal on the merits.'  *Commonwealth v. Bellamy*, 251 Pa.Super. 165, 169, 380 A.2d 429, 431 (1977)." *Commonwealth v. Brockington*, 268 Pa.Super. 54, 58, 407 A.2d 433, 435 (1979).  This rule as to "virtually identical, advocate-type briefs" has been recently modified by our Supreme Court in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981); opinion by Nix, J.;  dissenting opinions by O'Brien, J. and Roberts, J., which dealt inter alia, with the sufficiency of a brief accompanying a petition to withdraw.  The court held at slip opinion page 7:

> Once we are satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility.  The role of an advocate, insisted upon in *Anders*, refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal.  Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more.  We reject the view that his explanation of why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause.  Nor can that fact be assigned as a reason for concluding that the client did not receive this constitutionally protected right of representation.

■   No longer are virtually identical advocate-briefs required when there is a petition to withdraw as are required where their argument is on the merits.

■   Counsel for the appellant is directed to either proceed with the appeal by filing an advocate's brief on the merits, or if he concludes an appeal would be wholly frivolous he should file a petition to withdraw and a withdrawal brief in accordance with the requirements of *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974) and *Commonwealth*

50

*v. McClendon, supra.* In either event counsel's brief must be filed within thirty days of this order.