466 A.2d 203

**COMMONWEALTH of Pennsylvania**

v.

**Eric V. SCHREIBER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1983.

Filed Sept. 30, 1983.

Petition for Allowance of Appeal Denied Feb. 8, 1984.

368

Paul Bogdon, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, BROSKY and MONTEMURO, JJ.

MONTEMURO, Judge:

This is a *pro se* appeal from an Order of Court denying the appellant, Eric Schreiber's, petition to withdraw his guilty plea entered in the Court of Common Pleas, Allegheny County.

Three informations were filed against the appellant. Under Information No. CC8001983 (hereinafter No. 1983), he was charged with seven (7) counts of Misapplication of Entrusted Property,[1] seven counts of Securing Execution of Documents by Deception,[2] and two counts of Theft by Failure to Make Required Disposition of Funds Received.[3]

1. 18 Pa.C.S.A. § 4113

2. 18 Pa.C.S.A. § 4114

3. 18 Pa.C.S.A. § 3927

At Information CC8001984 (hereinafter No. 1984), the appellant was charged with four counts of Theft by Unlawful Taking or Disposition,[4] four counts of Receiving Stolen Property[5] and two counts of Misapplication of Entrusted Property. At Information No. CC8004719 (hereinafter No. 4719), the appellant was charged with one count of Default in Required Appearance.[6] All of these charges arise out of the appellant's employment as Controller and Financial Affairs Vice President of Vision Service Plan of Pennsylvania, Incorporated.

Appellant pled guilty to all sixteen counts under No. 1983 and to the one count under No. 4719. With regard to No. 1984, the appellant pled guilty to counts one, four, seven and nine all charging Theft by Unlawful Taking. The remaining counts under this information merged with one, four, seven and nine, and, therefore, were dismissed by the District Attorney. The appellant was sentenced at No. 1984 to three and one-half (3½) to seven (7) years imprisonment for each of counts one, four and seven, to be served consecutively, and seven years probation for count nine, to be consecutive to the sentence at count seven. The appellant's petition to withdraw his guilty plea *nunc pro tunc* was denied.

On appeal, it is argued that the appellant's guilty plea was not voluntarily entered. More specifically, the appellant contends, (1) that the guilty plea was invalid because there was no on-the-record explanation of the elements of the crimes charged and (2) that the court below misinformed him of the maximum penalty for these offenses. The appellant further argues that counsel was ineffective in failing to ensure that the court explain to him the elements of the crimes charged and the correct maximum possible sentences for those crimes. Finally, it is contended that the court below imposed an illegal sentence.

4. 18 Pa.C.S.A. § 3921

5. 18 Pa.C.S.A. § 3925

6. 18 Pa.C.S.A. § 5124

██ The appellant attempted to withdraw his guilty plea after the court below imposed sentence. When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing, "a showing of prejudice on the order of manifest injustice" is required before withdrawal is properly justified. *Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 593 (1982), quoting *Commonwealth v. Starr,* 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). Manifest injustice exists, for example, when the guilty plea was entered without knowledge of the charges. *Commonwealth v. Shaffer, supra.*

██ In his first argument the appellant contends that at the time he entered his guilty plea, the court did not provide him with a technical recitation of the legal elements of the crimes charged. He claims that such a recitation was necessary in order to ensure that he understood these charges. In *Shaffer,* the supreme court emphasized that while lack of knowledge of the charges constitutes manifest injustice, an esoteric explanation of the elements of the crime is not necessarily a prerequisite to the constitutional validity of the guilty plea. See also, *Commonwealth v. Martinez,* 499 Pa. 419, 453 A.2d 940 (1982). "The true constitutional imperative is that the [appellant] receive 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process'". *Shaffer,* supra 498 Pa. at 350, 446 A.2d at 595, quoting *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108, 114 (1976).

The appellant relies heavily on *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), which reversed a conviction on the ground that a guilty plea was entered without benefit of an on-the-record explanation of the legal elements. However, *Shaffer,* makes it clear that, in determining whether notice of the charges has been adequately imparted, the appellate courts may look to the totality of the circumstances surrounding the entry of the plea.

In the instant case the court conducted an extensive colloquy which included the age and educational back-

ground of the appellant, whether the appellant was under the influence of drugs or alcohol at the time, the rights waived by pleading guilty including the presumption of innocence, the right to a jury trial by members of the community and the need for a unanimous verdict. The court also gave a painstakingly detailed explanation of the nature of each charge including all of the facts that the Commonwealth would have to prove in order to establish appellant's guilt. After each charge was explained, the appellant was asked whether he understood the court's explanation. Each time, the appellant answered in the affirmative. The District Attorney subsequently summarized the factual bases giving rise to the charges. At no time during this colloquy did the appellant ask any questions or make any comments that might have indicated that he was confused at the time he entered his plea. Under these circumstances we find that the appellant, upon pleading guilty, was fully apprised of the charges against him.[7]

■ The appellant also claims that his guilty plea was not voluntary because the court below did not properly inform him of the possible maximum sentence at the time he entered his plea. In *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978), the supreme court held that the decision to plead guilty to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended the maximum punishment that might be imposed for his conduct.

The appellant contends that the merger of certain offenses would have reduced the maximum sentences from an aggregate of 109 years as stated by the court below to twenty-six (26) years. We disagree with this contention.

For two crimes to merge, one must necessarily involve the other. *Commonwealth v. Olsen*, 247 Pa.Super. 513,

7. Appellant further argues that the elements of the crimes charged were not explained until after the guilty plea was accepted by the court. This argument is patently without merit for the reason that the appellant is confusing the tender of his plea with the court's formal acceptance of it. The court did not formally accept the plea until after the lengthy guilty plea colloquy.

372 A.2d 1207 (1977). In order for one crime to involve the other, essential elements of one must be essential elements of the other and the crimes must be part of the same act. *Id.*

Appellant claims that each and every count under No. 1983 merges with another charge under No. 1983, or with a charge under No. 1984 such that these mergers would have precluded the imposition of sentence on any counts charged at No. 1983.

Under No. 1983, at counts No. 2, 4, 6, 8, 10, 12 and 14, the appellant was charged with Securing Execution of Documents by Deception, 18 Pa.C.S.A. § 4114. The appellant argues that these counts merge with either count 15 of No. 1983 which is Theft by Failure to Make Required Distribution of Funds Received, 18 Pa.C.S.A. § 3927, or count 4 of No. 1984 which is Theft by Unlawful Taking or Disposition, 18 Pa.C.S.A. § 3921. The seven counts charging Securing Execution of Documents by Deception arose out of seven separate incidents wherein the appellant, through deception, caused bank officials to execute loan approval papers, documents or instruments in obtaining seven different loans.

An element of the crime of Securing Execution of Documents by Deception is "to execute any instrument ... likely to affect the pecuniary interest of any person."[8] Neither Theft by Failure to Make Required Disposition of Funds Received,[9] the crime charged at count 15 of Information No.

---

8. **§ 4114. Securing execution of documents by deception**
 A person commits a misdemeanor of the second decree if by deception he causes another to execute any instrument affecting or purporting to affect or likely to affect the pecuniary interest of any person.

9. This case is defined as follows:
 **§ 3927. Theft by failure to make required disposition of funds received**
 **(a) Offense defined.**—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or

1983, nor Theft by Unlawful Taking or Disposition,[10] the crime charged at count 4 of Information No. 1984, requires proof of the executing of a document. "Securing Execution of Documents by Deception" is a distinct offense from the theft offenses charged and therefore we find no merger.

At counts 1, 3, 5, 7, 9, 11 and 13 of Information No. 1983, the appellant was charged with Misapplication of Entrusted Property, 18 Pa.C.S.A. § 4113.[11] These offenses arise from the appellant's activities in seven times taking money entrusted to him as Controller of Vision Service Plan of Pennsylvania, Inc., (hereinafter V.S.P.), transferring these monies into unauthorized savings accounts or purchasing unauthorized certificates of deposit and then pledging these assets as collateral against unauthorized loans. Appellant argues that these offenses likewise merge with count 15 of No. 1983 or count 4 of No. 1984.

 Contrary to what the appellant contends, the crime of Misapplication of Entrusted Property does not constitute a lesser included offense of Theft by Failure to Make Required Disposition of Funds Received because not all elements of the former are elements of the latter. For instance, to be guilty of Misapplication of Entrusted Proper-

disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

10. § 3921. Theft by unlawful taking or disposition
 (a) Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
 (b) Immovable property.—A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

11. § 4113. Misapplication of entrusted property and property of government or financial institutions
 (a) Offense defined.—A person commits an offense if he applies or disposes of property that has been entrusted to him as a fiduciary, or property of the government or of a financial institution, in a manner which he knows is unlawful and involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted.

ty, a person must dispose of property in a manner that *he knows* is unlawful and involves a substantial risk of loss or detriment to the owner of the property. This element is not contained in the crime of Theft by Failure to Make Required Disposition of Funds Received. Similarly, no merger occurs with count 4 of No. 1984 charging Theft by Unlawful Taking or Disposition for the reason that this theft offense does not necessarily involve misapplication of entrusted property.

■ Appellant argues, next, that counts 15 and 16 of Information No. 1983, charging Theft by Failure to Make Required Disposition of Funds Received [12] merge with count 4 of Information No. 1984, charging Theft by Unlawful Taking a Disposition.[13] The offenses charged here stem from two different transactions made by the appellant. Counts 15 and 16 are premised upon appellant's failure to repay seven different loans and count 4 of No. 1984 involved appellant's disbursement of funds by check from an authorized account belonging to V.S.P. to several services, for his own benefit. We, therefore, find no merger of these offenses.

Appellant next argues that the court below misinformed him of the maximum possible sentence when it failed to disregard those counts (2, 3, 5, 6, 8 and 10 at No. 1984) which the prosecution indicated would be dismissed as lesser involved offenses. Hence, the maximum sentence would have been 75 years and not 109 years. We do not believe, however, that the appellant was misinformed since the appellant was present when the charges were dismissed and was made aware of the maximum possible sentence for each of the dismissed charges. We agree with the court below that the appellant, having had two years of college education and having been controller and financial affairs vice president for the corporation that he defrauded, was capable of making the necessary calculation so as to under-

12. See n. 9., *supra.*

13. See n. 10., *supra.*

stand the full range of his permissible sentence and enter a knowing and intelligent plea.[14]

We find the appellant's guilty plea was voluntarily entered.

In light of the foregoing determinations we find that the appellant's arguments pertaining to ineffectiveness of counsel likewise to be unfounded. Appellant maintains that counsel was ineffective in failing to ensure that the elements of the crimes and maximum possible sentence were explained to him at the time he entered his plea.

█ In determining whether counsel was ineffective, this court must first determine whether the claim that counsel failed to assert was of arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). Once the foregone claim is determined to be of arguable merit, the court then examines counsel's reason for failing to assert the claim. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Hubbard, supra.*

█ In the instant case, counsel's objection to the guilty plea colloquy, on the ground of an insufficient explanation of the charges and maximum possible sentence, for the reasons stated earlier in this opinion, would have been a meritless claim. We, therefore, find that counsel was not ineffective.[15]

14. It is apparent from the record that the appellant plead guilty in the hope of receiving a lighter sentence. We therefore believe it to be unlikely that, had appellant been informed of a lighter maximum possible sentence *i.e.,* 75 years, instead of 109 years, he would have wanted to withdraw his guilty plea.

15. Appellant also claims that counsel was ineffective for not explaining to him the elements of the crimes charged. However, in *Commonwealth v. Shaffer,* supra, it was held that during a guilty plea colloquy, such as we have here, where the appellant does not assert that he did not understand the nature of the crimes, it may be presumed that counsel explained the nature of the offenses in sufficient detail to give him notice of that which he admits by entering a plea of guilty.

In his final argument, the appellant claims that the sentence imposed at count 9 of information No. 1984, charging Theft by Unlawful Taking of Property in the amount of $1000.00, is illegal. He asserts that the court erred in categorizing this charge as a felony, thereby sentencing the appellant to seven (7) years probation. We agree with the appellant that because of the dollar-amount involved, this offense would have been graded as a first degree misdemeanor, 18 Pa.C.S.A. § 3903, carrying a maximum sentence of five (5) years. We, therefore, remand this case solely for the purpose of making this necessary adjustment to the appellant's sentence.

The Order of the court below denying appellant's Petition to Withdraw Guilty Plea is affirmed. This case is remanded for resentencing. Jurisdiction is relinquished.