469 A.2d 230

**COMMONWEALTH of Pennsylvania**

v.

**Edward WALLACE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 1983.

Filed Dec. 9, 1983.

158

Dorothy S. Langton, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and HESTER and LIPEZ, JJ.

SPAETH, President Judge:

■ This is an appeal from an order dismissing, without a hearing or appointment of counsel, appellant's third petition filed under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.* Counsel appointed to take this appeal has filed a petition for leave to withdraw. We find that counsel has discharged her duties and grant her petition to withdraw. We further find that of the five contentions made by appellant, four have been finally determined in prior proceedings and so are not cognizable under the present PCHA petition. The trial court found that appellant had waived the fifth contention. This was error, for waiver may not be found in the absence of counsel. We therefore reverse and remand for the appointment of counsel.

On May 19, 1966, appellant was found guilty of assault and battery with intent to ravish, conspiracy, and corrupting the morals of a minor. On August 5, 1966, motions for new trial and in arrest of judgment were denied, and appellant was sentenced. No appeal was taken.

On August 5, 1968, appellant filed his first PCHA petition. Counsel was appointed for appellant, and on April 10, 1969, after hearing, argument, and briefs, the petition was denied. No appeal was taken.

On January 9, 1975, appellant filed his second PCHA petition. Again, counsel was appointed. After a hearing, the trial court, on June 20, 1975, granted appellant leave to file a direct appeal to this court *nunc pro tunc;* otherwise the court denied the petition. We affirmed both the judgment of sentence and the order denying the petition, *Commonwealth v. Wallace,* 238 Pa.Super. 763, 357 A.2d 171 (1976); *Commonwealth v. Wallace,* 239 Pa.Super. 731, 357 A.2d 170 (1976), and the Supreme Court denied allocatur, *Commonwealth v. Wallace,* No. 2347 Allocatur Docket 1976.

On June 1, 1982, appellant filed his third PCHA petition, which was amended on October 13, 1982. On March 16, 1983, the trial court denied the petition without a hearing or the appointment of counsel. This appeal is from that order.

■ Counsel appointed to represent appellant on this appeal has filed a petition for leave to withdraw. She has followed all of the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981)—requirements designed to ensure that the quality of representation is not determined by the extent of an appellant's resources, while recognizing that even diligent counsel may conclude that an appeal is without merit. *Commonwealth v. Jones,* 451 Pa. 69, 71, 301 A.2d 811, 813 (1973). Counsel, after making a conscientious examination of the record and interviewing appellant, determined that this appeal is frivolous. She then: 1) petitioned this court for leave to withdraw; 2) filed a brief referring to anything in the record that might arguably support the appeal; and 3) furnished a copy of the brief to appellant and advised him of his right to retain new counsel or raise any additional points that he deems worthy of this court's attention. Counsel's brief raises all the arguable issues in favor of the appeal and does not resemble a no-merit letter or *amicus curiae* brief. Her request to withdraw is therefore granted.

■ We must now make an independent judgment whether the appeal is in fact frivolous. *Anders v. California, supra; Commonwealth v. McClendon, supra.*

■ Of the five contentions made by appellant in this third PCHA petition, four were made in his first petition.[1] As already noted, that petition was denied on April 10, 1969,

---

1. These are that:
   1) the evidence was insufficient to support his conviction of assault;
   2) he was denied effective assistance of counsel when his trial counsel represented a co-defendant and then failed to appeal;
   3) the Commonwealth used the victim's perjured testimony; and
   4) he was denied his right to appeal.

and no appeal was taken. The four contentions made have therefore been finally litigated, 42 Pa.C.S.A. § 9544(a)(1), and cannot be the basis of any relief, 42 Pa.C.S.A. § 9543(4).

■ The trial court found that appellant had waived the fifth contention because he had failed to make it either in the first two PCHA petitions or on his appeal *nunc pro tunc* to this court.[2] This was error. In *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969), the Supreme Court held:

> Whatever may be the merits on the question of waiver here, a hearing court cannot summarily dispose of a petition, without counsel, on the ground of waiver. Our rules provide for summary disposition only in cases where the issue has been determined against the petitioner, not where it has been waived because of petitioner's failure to raise the question for a determination.

> The reasons for this rule are quite simple. The question of waiver is often a complicated legal one. There may be 'extraordinary circumstances' which will justify petitioner's failure to raise the issue. There may have been an intervening change in the law which will now entitle him to relief. And failure to raise an issue constitutes only a 'rebuttable presumption' of waiver. These are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with.

*Id.*, 436 Pa. at 45, 258 A.2d at 516–17 (citations omitted). *And see Commonwealth v. Alvarado*, 488 Pa. 250, 412 A.2d 492 (1980); *Commonwealth v. Mawson*, 306 Pa.Super. 22, 451 A.2d 1371 (1982); Pa.R.Crim.P. 1504.

2. The fifth contention is that the trial judge neglected to inform appellant at sentencing whether his sentence of 2½ to 5 years for assault was concurrent with or consecutive to a 7½ to 15 year sentence that appellant was serving in connection with another matter. Appellate counsel has supplemented this claim with the contention that error occurred when the sentencing judge by letter and a later order corrected his sentence to indicate that it was to be served consecutively to the other sentence, this being done without the presence of appellant and without placing reasons on the record.

162

The trial court's order is vacated and the case is remanded with instructions to appoint counsel to represent appellant. Jurisdiction is not retained.