500 A.2d 860

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Sherman McGETH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 4, 1985.

Filed Nov. 8, 1985.

334

Aaron C. Finestone, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

CAVANAUGH, Judge:

This appeal is from a final order of the Court of Common Pleas of Philadelphia County dismissing appellant's petition for PCHA relief without a hearing and permitting appointed PCHA counsel to withdraw. This case arises from the rape and robbery of a fifty-seven year old woman occurring on February 11, 1978. The appellant was charged with robbery, burglary and rape. On June 6, 1978, he appeared before Judge Samuel Smith, pleaded guilty to the charges and was sentenced to an aggregate of not less than ten nor more than twenty-five years imprisonment. No post-verdict motions were filed nor was a direct appeal taken.

Four years later, in April of 1982, appellant filed a *pro se* petition for relief under the Post Conviction Hearing Act. He claimed that (1) he was denied a right to representation by a competent lawyer; (2) his guilty plea was unlawfully induced; (3) exculpatory evidence subsequently became available; and (4) he was denied his right to appeal because he was not informed of this right. Counsel was appointed to represent the appellant in this PCHA petition. On April 28, 1983, after a review of the record, PCHA counsel submitted to the court a letter indicating that no issues of arguable merit could be found. It was at this time that the court dismissed appellant's PCHA petition and allowed counsel to withdraw.

On this appeal from the order of the PCHA court appellant raises the following single issue:

Was PCHA counsel ineffective for filing a purported Anders brief which did not refer to anything in the record which would arguably support an appeal.[1]

Specifically appellant asserts that there are two issues raised in his *pro se* PCHA petition which his PCHA counsel did not address in her *Anders* brief. The first of these relates to the alleged availability of exculpatory evidence which became available after sentencing. The second issue

1. The purported *Anders* brief to which appellant refers is in the form of a letter which appointed PCHA counsel sent to the PCHA court on April 28, 1983, stating that there were no issues of arguable merit.

concerns the inability of the appellant to understand the consequences of his guilty plea. Appellant now claims that PCHA counsel's failure to brief these issues was prejudicial to him because the PCHA court could not make a full and informed examination of the record and therefore was unable to find in appellant's favor.

In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court addressed the issue of the indigent defendant's right to counsel on appeal. The Court recognized the fundamental notion of justice that the impecunious appellant is entitled to just as spirited a defense as the man who can retain private counsel. The Court also acknowledged, however, that even the most diligent counsel might justifiably believe that an appeal would be wholly frivolous. Accordingly, the Court in *Anders* offered appointed counsel two choices: (1) file briefs as an advocate (not an *amicus curiae*) and argue the client's case, or (2) seek to withdraw as counsel. In the latter instance, the *Anders* Court directed the following:

> Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

The *Anders* teachings were expressly adopted in Pennsylvania in *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d

201 (1968) and have been re-affirmed on a number of subsequent occasions. *See, e.g., Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983); *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981); *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Jones,* 451 Pa. 69, 301 A.2d 811 (1973); *Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984), petition for allowance of appeal granted January 7, 1985. In interpreting *Anders,* our courts have noted that

[t]he core of *Anders'* reasoning is that where an accused is entitled to a counselled appellate review, that right should not be denied or diminished solely because of indigency. However, *Anders* does not require that counsel be forced to pursue a wholly frivolous appeal just because his client is indigent. The major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and also by placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal.

*Commonwealth v. McClendon,* 495 Pa. at 473, 434 A.2d at 1188. In further interpreting *Anders* and the situations in which appointed counsel may withdraw his services, it has been opined:

It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* "appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court."

*Commonwealth v. Greer,* 455 Pa. at 108–09, 314 A.2d at 514 (quoting ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.3, commentary at 297 (Approved draft, 1971)).[2]

---

**2.** *See also Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984) petition for allowance of appeal granted January 7, 1985. In *Finley* this court observed:

The standard therefore is fairly well settled for the court which initially reviews counsel's request to withdraw and the accompanying *Anders* brief. However, our appellate courts have not resolved the standard to be employed when reviewing appeals from the tribunal which has ruled on the *Anders* motion.[3] In *Commonwealth v. Lowenberg*, 493 Pa. 232, 425 A.2d 1100 (1981), for example, an equally divided supreme court considered an appeal from the denial of that appellant's second petition for relief under the PCHA. In an Opinion in Support of Affirmance joined by Justices Flaherty and Kaufman, Justice (now Chief Justice) Nix suggested that the holding of *Anders* is limited to first direct appeals from criminal convictions and implicitly does not control in "a collateral attack under a state statutory provision." Justice Roberts, on the other hand, in an Opinion in Support of Reversal joined by then Chief Justice O'Brien and Justice Larsen, found that Mr. Lowenberg had been denied the effective representation of counsel at the PCHA level guaranteed by *Anders*. Justice Roberts further opined that "it is clearly not our duty at this point to speculate on the possible merit, if any, of appellant's claims [which counsel failed to present at the PCHA level]. That task should be undertaken initially by the PCHA hearing

Progeny of *Anders* have provided us with a continuum of degrees of "meritless". Counsel's request to withdraw may only be granted if the court finds the case to be "wholly frivolous"; it may not be entertained if the appeal merely has "arguable merit" nor if it lacks merit. Mere absence of merit is not enough to support a request to withdraw or the granting of it.

*Id.*, 330 Pa.Superior Ct. at 322 n. 2, 479 A.2d at 572 n. 2 (citing *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Worthy*, 301 Pa.Super. 46, 446 A.2d 1327 (1982)).

**3.** In the majority of instances in which the *Anders* issue has arisen in this Commonwealth, it has been the appellate court which has been faced with the initial petition to withdraw. *See, e.g., Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) (*Anders* brief filed on direct appeal to supreme court); *Commonwealth v. Wallace*, 322 Pa.Super. 157, 469 A.2d 230 (1983) (petition and brief filed on appeal to superior court following PCHA dismissal). *See also Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (first direct appeal). *But see, e.g., Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968) (petition and brief filed in superior court reviewed on appeal to supreme court).

court, 'but only *after* it has had a chance to review the facts and applicable law as presented by an *advocate.'*" *Id.*, 493 Pa. at 245, 425 A.2d at 1107 (quoting *Commonwealth v. Baker*, 429 Pa. 209, 214, 239 A.2d 201, 203 (1968) (emphasis in original)).[4]

In *Commonwealth v. Finley, supra,* a panel of this court reviewed an appeal from an order denying PCHA relief and granting appointed counsel's petition to withdraw. The *Finley* court concluded initially that *Anders* applied to the case before it. The court then reviewed the brief filed by the withdrawing attorney and found that it "does not satisfy the requirements of *Anders* in that it does not set forth any issues of arguable merit...."[5] *Id.*, 330 Pa.Superior Ct. at 319–21, 479 A.2d at 571. Additionally the *Finley* court noted that appellant's present counsel had been able "to list several issues which may have arguable merit." Accordingly, the case was remanded for an evidentiary hearing on the claims raised in Finley's appellate brief and any other issues discerned by counsel following an exhaustive search of the record.

These cases provide only indirect guidance to us in assessing the present appellant's claim that his court-appointed PCHA counsel was ineffective in failing to brief certain issues in the *Anders* brief-petition to withdraw. We therefore choose to apply general precepts of ineffectiveness law. Since the seminal case of *Commonwealth ex rel.*

4. *Cf. Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983). In *Lohr,* the defendant appealed from an order of the PCHA court denying him relief without a hearing. Lohr argued, inter alia, that his appointed PCHA counsel was ineffective for failing to amend the defendant's first *pro se* PCHA petition. The supreme court ruled that the appointed counsel's actions in declining to file an amended petition should not be judged by the requirements of *McClendon—Anders.* Nevertheless, the *Lohr* court continued, noting that "the goal pursued by *McClendon,* review of the merit of the appeal, is fulfilled by the instant review, negating the possibility of prejudice inuring to appellant from the omissions of counsel." *Id.*, 503 Pa. at 138–39, 468 A.2d at 1379.

5. The only two issues addressed in counsel's *Anders* brief were the two issues initially raised in the appellant's *pro se* PCHA petition. Both of these issues had been previously reviewed on direct appeal from the conviction to the Pennsylvania Supreme Court.

*Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), our standard for finding ineffective assistance of counsel has evolved to the point where it requires that the claimant demonstrate that he has been prejudiced by counsel's alleged failures. *See, e.g., Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Therefore counsel will not be found ineffective for failing to pursue a meritless claim. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Schreiber,* 319 Pa.Super. 367, 466 A.2d 203 (1983).

■ Our ineffective assistance of counsel analysis must be applied in the present case against the background of *Anders* and its progeny. *"Anders* requires that counsel's brief should refer to 'anything in the record that might arguably support the appeal.' " *Commonwealth v. McClendon,* 495 Pa. at 472, 434 A.2d at 1187 (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498). *Garvin* and *Strickland* read in light of *Anders* therefore would require a claimant of ineffectiveness to demonstrate that his counsel failed to brief an issue which would "arguably support the appeal."

■ In the case at bar appellant claims that his PCHA counsel failed to refer to two such issues in her *Anders* brief. The first of these is that exculpatory evidence has become available which would have affected the outcome of his trial if introduced. At no point, however, has the appellant revealed what type of evidence has been discovered nor what effect it might have had upon his conviction. Moreover, he has not averred that his PCHA counsel was ever made aware of the nature of this alleged exculpatory, new-found evidence. This court therefore cannot find PCHA counsel ineffective, for "[a]ssertions of ineffectiveness in a vacuum cannot be ineffective. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that [prior] counsel may have, in

fact, been ineffective." *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981).[6]

■ Appellant also avers that his PCHA counsel failed to brief a second issue, i.e. that appellant did not understand the consequences of his guilty plea. Again appellant provides this court with no showing from the record that this issue would arguably support his claim for PCHA relief. Additionally, since appellant did not file a timely request to withdraw his guilty plea, the issue had been waived. Appellant thus has failed to sustain his burden in demonstrating that he has been prejudiced as a result of his former counsel's alleged omissions. His counsel will not be found ineffective.

Appellant places significant reliance in his present brief on *Commonwealth v. Finley, supra,* in which this court found that the proposed *Anders* brief was deficient. As stated above, "[t]he major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record...." *McClendon*, 495 Pa. at 473, 434 A.2d at 1188. In *Finley*, however, this court observed that there was no allegation of an "exhaustive search" nor the required finding that the case was wholly frivolous. Satisfaction of this requirement was particularly belied by appellate counsel's ability to list several issues of arguable merit. Therefore, in order to ensure that Finley's right to a spirited defense was protected, this court in *Finley* was constrained to remand.

6. Additionally we must note that appellant pleaded guilty to the charges on which he was sentenced. "The only permissible challenges to a guilty plea, whether on direct appeal or in a collateral proceeding, are the jurisdiction of the court, the validity of the plea and the lawfulness of the sentence...." *Commonwealth v. Alexander,* 495 Pa. 26, 36, 432 A.2d 182, 187 (1981) (citing *Commonwealth v. Alexander,* 435 Pa. 33, 255 A.2d 119 (1969); *Commonwealth v. Stokes,* 426 Pa. 265, 232 A.2d 193 (1967)). The appellant does not suggest to us that the allegedly exculpatory evidence would support a challenge on any of these grounds nor does he indicate how the evidence influenced his decision to plead guilty to the charges.

Similarly, in his Concurring Opinion, Judge Hoffman would find that the procedure employed by appellant's PCHA counsel does not comport with appellant's constitutional guaranties. Although he would not reverse on this ground, Judge Hoffman writes that " 'counsel seeking to withdraw from such proceedings should "file[ ] a brief referring to anything in the record that might arguably support the appeal" but which "does not resemble a no-merit letter or *amicus curiae* brief.' " Concurring Opinion by Hoffman, J., at 867.

In *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), the Commonwealth expressly adopted the rule set forth in *Anders*. The court noted, as outlined in *Anders*, that counsel appointed to represent an indigent client has two choices: he may file briefs and argue the case as an advocate, not as an *amicus curiae*, or he may choose to withdraw his services. In *Baker*, counsel did not make a formal request to withdraw, but rather filed a brief which stated that "no meritorious argument" could be made on Baker's behalf. The court correctly held that such a brief failed to satisfy the obligations imposed upon counsel who selects the first option of arguing the case as an advocate. However, viewing the brief in terms of the second alternative, requesting to withdraw, the *Baker* court opined:

> Although we believe that the more desirable practice would be for counsel to submit a *separate* withdrawal request to the court, we may still, in the present case, treat counsel's "memorandum" in the brief itself as such a request. As a withdrawal request the memorandum satisfies *Anders* insofar as it recites that the problem has been thoroughly researched, that counsel finds no merit in the appeal, and that he has discussed the case with his client. So also, can we consider counsel's statement of the voir dire issue tantamount to a "brief referring to anything in the record that might arguably support the appeal", although we wish to emphasize that a somewhat more substantial treatment of the arguable issue would be preferred hereafter.

*Baker,* 429 Pa. at 214, 239 A.2d at 203. Thus, the court in *Baker* did not require that the brief to withdraw be couched in terms of an "advocate" as such.

The lower court cases following *Baker,* however, began to develop a change in the requirements of a withdrawal brief. This evolution culminated in cases such as *Commonwealth v. Bellamy,* 251 Pa.Super. 165, 380 A.2d 429 (1977), *Commonwealth v. Turner,* 248 Pa.Super. 306, 375 A.2d 110 (1977) and *Commonwealth v. Brockington,* 268 Pa.Super. 54, 407 A.2d 433 (1979), which interpreted the supreme court cases "to require virtually identical, advocate-type briefs whether counsel is attempting to withdraw or to prosecute the appeal on the merits." *Bellamy,* 251 Pa.Super. at 169, 380 A.2d at 431.

In 1981, however, the supreme court clarified the obligations of counsel who seeks to withdraw. The court in *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), pronounced:

> The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more. We reject the view that his explanation of why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause. Nor can that fact be assigned as a reason for concluding that the client did not receive this constitutionally protected right of representation.

*McClendon,* 495 Pa. at 473–74, 434 A.2d at 1188. Thus, contrary to the holdings of *Bellamy* and its progeny, *infra,* "[n]o longer are virtually identical advocate-briefs required when there is a petition to withdraw as are required where their argument is on the merits." *Commonwealth v. Reese,* 293 Pa.Super. 44, 49, 437 A.2d 982, 984 (1981).

■ In Mr. McGeth's case, the requirements of *Anders—McClendon* have been satisfied. In her *Anders* brief, appellant's PCHA counsel attested:

Pursuant to [my court] appointment I reviewed the Quarter Sessions file in Room 660 City Hall, interviewed petitioner and reviewed all notes of testimony pertaining to the case. After having completed the foregoing, I have concluded that, in my professional opinion, the issues raised in petitioner's pro se petition are without arguable merit and that there are no other issues or arguable merit which could be raised in a counselled Amended Petition.

Subsequently, the PCHA court itself engaged in a "careful review of the entire record" and concluded that the appellant's petition alleged no grounds upon which to grant post-conviction relief.[7] Counsel, therefore, properly discharged her duties as set forth in *McClendon.*[8]

■ Finally, we take note of the significant delay in the present case of over four years between the date of sentencing and appellant's petition for post-conviction relief. This unexplained lapse of time may be properly considered in assessing the merits of appellant's claims and, under the present circumstances, suggests that his contentions at the PCHA level were wholly frivolous as his appointed counsel had concluded. *See Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981); *Commonwealth v. Courts,* 315 Pa.Super. 124, 461 A.2d 828 (1983); *Commonwealth v. Strickland,* 306 Pa.Super. 516, 452 A.2d 844 (1982).

Order affirmed.

HOFFMAN, J., files a concurring opinion.

**7.** Appellant does not now challenge the conclusions reached by PCHA counsel or the PCHA court that the issues raised in the withdrawal brief were without arguable merit. His contention on appeal is simply that there were other issues which counsel ought to have briefed.

**8.** We also note that although appointed PCHA counsel did not address in her *Anders* brief two issues raised by the appellant in his *pro se* PCHA petition, this is not itself *per se* ineffectiveness. It is well settled that "[a]ppointed counsel is of course not required to accept a client's view by asserting points his good conscience would reject even at the loss of a handsome fee." *Suggs v. United States,* 391 F.2d 971, 974 (D.C.Cir.1968). *See generally* Code of Professional Responsibility Canon 7 (1984).

HOFFMAN, Judge, concurring:

I agree with the majority that appellant's PCHA counsel was not ineffective for failing to raise the issues of the alleged after-discovered evidence and the inability of appellant to understand the consequences of his guilty plea. I write separately, however, because I cannot agree with the majority's conclusion that counsel's "purported *Anders* brief," Majority Opinion at 336 n. 1, satisfies the dictates of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[1]

The PCHA judge below instructed appellant's counsel that, if she sought to withdraw from this case, she "should write this Court outlining the extent of her review and listing each issue [appellant] himself wished to raise *followed by an explanation why each issue was meritless.*" (Lower Court Opinion at 3) (emphasis added). Counsel, in her letter "brief" to the court, did just that; she demonstrated why the issues of the (1) involuntariness of appellant's guilty plea, (2) ineffectiveness of his trial counsel, and (3) failure to advise appellant of his right to withdraw his guilty plea and his right to appeal, were meritless.[2] I do not believe that this procedure comports with *Anders*.

In *Anders*, Justice Clark stated that

[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's

---

1. I would not reverse here, however, because appellant does not argue that the issues PCHA counsel did raise were improperly briefed, and, contrary to appellant's assertion, *Anders* does not require that the brief filed in support of a petition to withdraw must give a court some basis on which to find in favor of a defendant. My only purpose in writing is to take exception to the practice of attorneys who, in seeking to withdraw, argue *against* their clients.

2. Appellant has never had a direct appeal.

appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain.*

*Anders v. California, supra,* 386 U.S. at 744–45, 87 S.Ct. at 1400–01 (footnote omitted) (emphasis added). Thus, assuming that the *Anders* requirements apply to collateral proceedings, as I believe they should,[3] *see also Commonwealth v. Finley,* 330 Pa.Superior Ct. 313, 479 A.2d 568 (1984) petition for allowance of appeal granted January 7, 1985, counsel seeking to withdraw from such proceedings should "file[] a brief referring to anything in the record that might arguably support the appeal" but which "does not resemble a no-merit letter or *amicus curiae* brief." *Commonwealth v. Wallace,* 322 Pa.Superior Ct. 157, 160–62, 469 A.2d 230, 232 (1983). Otherwise, as is typified by the instant case, "the role of appellant's ... PCHA counsel might more aptly be characterized as that of assistant to the prosecutor." *Commonwealth v. Lowenberg,* 493 Pa. 232, 242, 425 A.2d 1100, 1105 (1981) (ROBERTS, J., dissenting). I am not, of course, suggesting that counsel should never be permitted to withdraw. If counsel, after thoroughly reviewing the record, believed that a petitioner's PCHA claims were frivolous, he or she could simply "set[] forth in an amended petition, in acceptable, intelligible legal terms, those claims which appellant wished to advance, as well as any additional claims, ... necessary to the effective presentation of appellant's primary claims...." *Id.,* 493 Pa. at 244, 425 A.2d at 1106.[4] Counsel could also include relevant case citations

---

3. The majority impliedly so finds.

4. When petitioning the court to withdraw, counsel must also explain his or her position to petitioner, provide petitioner with a copy of the

and references to the record in aid of the reviewing judge.[5] In this way, a petitioner will not be " 'sandbagged when the counsel appointed by one arm of the Government seems to be helping another to seal his doom.' " *Commonwealth v. Jones*, 451 Pa. 69, 75, 301 A.2d 811, 815 (1973), *quoting Suggs v. United States*, 391 F.2d 971, 974 (D.C.Cir.1968).[6]

amended petition, and inform him or her of the right to proceed *in propia persona. See Commonwealth v. Lowenberg, supra*, 493 Pa. at 244, 425 A.2d at 1106 (ROBERTS, J., dissenting).

5. Compare the Massachusetts procedure:

In summary, we adopt the following guidelines in order to avoid the fragmentary and circuitous steps of the procedure suggested in Anders yet still achieve the Anders goal of assuring that indigent appellants receive treatment substantially equal to that enjoyed by those able to retain private counsel. Once counsel is appointed to represent an indigent criminal defendant on appeal, no withdrawal will be permitted solely on the basis of the frivolousness or meritlessness of the appeal. Even if counsel has doubts about the merits of the appeal, he or she must prepare and submit a brief arguing any issues that are arguable. Counsel need not espouse unsupportable contentions insisted on by the defendant, but should present them sketchily, simply designating pertinent portions of the trial transcript and citing any relevant cases. If counsel feels ethically compelled to dissociate himself or herself from contentions presented in the brief, counsel may preface the brief with a statement that it is filed pursuant to Anders and to the guidelines of this case. In that event, counsel must so notify the defendant, who will have thirty days to respond should he so choose. *Beyond such a preface, counsel should not inject disclaimers of personal belief in the merits of the case or otherwise argue against the defendant's interests. Commonwealth v. Moffett*, 383 Mass. 201, 216–17, 418 N.E.2d 585, 596 (1981) (footnotes omitted) (emphasis added).

6. To the extent that *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), permits an attorney to argue against his or her client, that is, to show that the issues a defendant wishes to raise are lacking in merit, I believe that it is in derogation of *Anders. See id.*, 495 Pa. at 474–77, 434 A.2d at 1188–90 (O'BRIEN, C.J., dissenting). *McClendon* may go even further and stand for the proposition that no discussion of the issues is necessary, in that it holds that once counsel finds "the appeal to be wholly frivolous, he [or she] can do no more." *Id.*, 495 Pa. at 474, 434 A.2d at 1188. Such a result would render *Anders* meaningless. A court would have to conduct its own independent review of the record, making it, in effect, a defendant's "counsel" searching for possible trial errors, or, if the court accepted counsel's conclusion (as may happen in practice), counsel would become the "court" determining the merits of a defendant's appeal.