COMMONWEALTH of Pennsylvania, Appellee

v.

Joel F. CURRY, Appellant.

Superior Court of Pennsylvania.

Submitted April 16, 2007.

Filed Aug. 8, 2007.

summary of facts, lacks argument and summary of argument sections, and approvingly quotes the trial court's findings against a client satisfies the requirements of *Anders, supra* and *McClendon, supra.* Because we find that it does not, we deny counsel's petition and remand.

¶ 2 After pleading guilty, Appellant was sentenced on August 25, 2006 to 36 to 72 months' imprisonment for burglary and a concurrent 9 to 24 months for simple assault. Appellant's subsequent motion to modify the sentence was denied by the trial court. This timely appeal followed.

■ ¶ 3 Pursuant to *McClendon, supra,* when counsel believes an appeal is frivolous and wishes to withdraw representation on appeal, he must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, **but which does not resemble a no-merit letter;** and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards,* 906 A.2d 1225, 1227 (Pa.Super.2006) (quoting *Commonwealth v. Bishop,* 831 A.2d 656, 659 (Pa.Super.2003)) (emphasis added). Although an appellant's counsel need not advocate strongly for issues he feels are frivolous, "a brief that essentially argues for affirmance is unacceptable." *Commonwealth v. Vilsaint,* 893 A.2d 753, 758 (Pa.Super.2006) (citing *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513, 515 (1974)).

Albert J. Flora, Jr., Wilkes–Barre, for appellant.

Frank P. Barletta, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellee.

BEFORE: HUDOCK, KELLY and JOHNSON, JJ.

OPINION BY KELLY, J.:

■ ¶ 1 Appellant, Joel F. Curry, appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County following his guilty plea to charges of burglary and simple assault.[1] Appellant's counsel has filed a petition for leave to withdraw as counsel, accompanied by a brief for Appellant pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). We examine whether an *Anders* brief that includes a non-neutral

1.  18 Pa.C.S.A. §§ 2701(a)(1), 3502(a).

¶ 4 Counsel for an appellant may not submit an *Anders* brief that resembles a no-merit letter. *See Edwards, supra.* A no-merit letter is a document filed by an appellant's counsel "detailing the nature and extent of his review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless." *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927, 928 (1988). *See also Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc* ).

¶ 5 To withdraw on direct appeal, counsel must fulfill both the technical and substantive requirements of *Anders.* *See Vilsaint, supra.* Failure to supply a complete record to this Court for independent review will render a request to withdraw technically inadequate, while supplying an *Anders* brief that argues against the interests of his client will raise an issue of substantive inadequacy. *Id.* at 757–58, 87 S.Ct. 1396.

¶ 6 After a thorough review of the record and the briefs of both Appellant and the Commonwealth, we find that Appellant's counsel has complied with the first and third requirements of *Anders/McClendon,* but fails to satisfy the second criterion. Indeed, counsel's brief more closely resembles a no-merit letter. *See Turner, supra; Finley, supra.*

¶ 7 Counsel's appellate brief presents one question for our review: whether the sentence imposed was harsh and excessive in light of Appellant's character and background. (Appellant's Brief at 2). However, the brief is completely devoid of argument or summary of argument sections, both of which are required by Pa.R.A.P. 2111(a). This defect renders the brief technically inadequate. *See Vilsaint, supra.* Furthermore, although Appellant disputes the discretionary aspect of his sentence, counsel's brief does not contain a concise statement of the reasons for an appeal of this type, as required by Pa. R.A.P. 2119(f). *See Commonwealth v. Matroni,* 923 A.2d 444, 454 (Pa.Super.2007).

¶ 8 More importantly, the statement of the case is non-neutral, in contravention of Pa.R.A.P. 2117(b) (mandating that statement of case "shall not contain any argument" and requiring "balanced presentation" of procedural history and parties' contentions); indeed, the final paragraph of the statement of the case quotes the trial court's conclusion that Appellant is "anything other than a person of good character and commendable background." (Appellant's Brief at 4). Defense counsel approvingly quotes other sections of the trial court's findings against Appellant, and presents no arguments or facts that could be construed to favor his client. The brief's conclusion, moreover, states that the appeal is wholly frivolous, echoing counsel's petition for leave to withdraw. "If we were to accept a counsel's conclusion that an appeal was wholly frivolous, without more, 'counsel would become the 'court' determining the merits of a defendant's appeal.'" *Commonwealth v. Thomas,* 354 Pa.Super. 87, 511 A.2d 200, 203 (1986) (quoting *Commonwealth v. McGeth,* 347 Pa.Super. 333, 500 A.2d 860, 868 n. 6 (1985) (Hoffman, J., concurring)). The brief is therefore substantively inadequate. *See Vilsaint, supra.*

¶ 9 Because defense counsel has filed a technically and substantively inadequate *Anders* brief, we deny his petition to withdraw and remand for him to file either an advocate's brief or a brief in full compliance with *Anders/McClendon,* with an accompanying motion to withdraw. Counsel must file either brief within 30 days of the filing of this memorandum, and the Commonwealth may file its brief within 30 days of the filing of Appellant's brief.

¶ 10 Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.