J-S51033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MICHAEL TRACEY, | : | |
| | : | |
| Appellant | : | No. 445 MDA 2014 |

Appeal from the Order entered on February 7, 2014
in the Court of Common Pleas of Franklin County,
Criminal Division, No. CP-28-CR-0000153-2013

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 16, 2014**

Christopher Michael Tracey ("Tracey") appeals from the Order denying his Motion for Immediate Parole after the trial court recommitted him to serve the balance of his parole sentence. Steven N. Necaster, Esquire, ("Necaster"), Tracey's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm and grant counsel's Petition to Withdraw.

The trial court has set forth the relevant history as follows:

On August 5, 2013, Tracey entered a plea of *nolo contendere* to: Receiving Stolen Property, 18 Pa.C.S.A. § 3925(a). On August 14, 2013, the [c]ourt sentenced Tracey as follows: time served to 23 months in the Franklin County Jail, followed by 12 months of probation.

The Franklin County Probation Department filed a Motion for a Hearing on Violation of Probation/Parole on November 13, 2013. A violation hearing was held on December 4, 2013, where Tracey was found in violation of his parole for, *inter alia*, failure to

secure an appropriate home plan and failure to seek and maintain employment. On December 24, 2013, Tracey was recommitted to serve the balance of his sentence unless he was re-paroled.

Tracey filed a Motion for Immediate Parole on January 29, 2014, stating that he had an appropriate residence for his home plan, the home of his girlfriend. In the motion, Tracey alleged that "the only reason" he had not been re-paroled was the lack of an appropriate home plan. A hearing was held on February 7, 2014, after which the [c]ourt issued an Order denying Tracey's motion.

Tracey filed a Notice of Appeal on March 7, 2014, along with a request for transcript. The transcript of the hearing was filed on March 13, 2014. [The trial court] issued a parole order on March 24, 2014, placing Tracey on parole, effective March 27, 2014. Under the terms of the parole order, Tracey was required to maintain a residence at New Hope Shelter, 25 South Potomac Street, Waynesboro, Pennsylvania 17268. Tracey was also required to seek and maintain employment.

Trial Court Opinion, 4/30/14, at 2-3.

On appeal, Tracey's counsel, Necaster, has filed a brief pursuant to **Anders** raising the following question for our review: "Whether the trial erred by denying [Tracey's] Motion for Immediate Parole?" **Anders** Brief at 5. Necaster filed a separate Petition to withdraw as counsel with this Court on July 14, 2014. Tracey filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

"[W]e note that when faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation, brackets and quotation marks omitted).

Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw representation, he must do the following:

   (1)   petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;

   (2)   file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and

   (3)   furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Curry**, 931 A.2d 700, 701 (Pa. Super. 2007) (citation omitted). In **Commonwealth v. Santiago**, 978 A.3d 349 (Pa. 2009), our Supreme Court explained that, when petitioning to withdraw under **Anders**, counsel must:

   (1)   provide a summary of the procedural history and facts, with citations to the record;

   (2)   refer to anything in the record that counsel believes arguably supports the appeal;

   (3)   set forth counsel's conclusion that the appeal is frivolous; and

   (4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether

the appeal is, in fact, wholly frivolous." ***Edwards***, 906 A.2d at 1228 (citation omitted).

Here, we conclude that Necaster has substantially complied with each of the requirements of ***Anders***. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel needs to substantially comply with the requirements of ***Anders***). Necaster indicates that he has conscientiously examined the record and determined that an appeal would be frivolous. The record contains a copy of the letter that Necaster sent to Tracey stating Necaster's intention to withdraw, advising him of his right to proceed *pro se* or retain alternate counsel, and his right to file additional claims. Necaster has complied with the procedural requirements for withdrawing from representation. Therefore, we shall proceed to an independent evaluation of the record to determine whether this appeal is wholly frivolous.

Tracey contends that the trial court abused its discretion by not immediately paroling him, as the primary basis for his continued detention was the lack of a home plan, and his girlfriend testified that she would provide him with a residence. ***Anders*** Brief at 8-9.

The trial court addressed Tracey's claim as follows:

> This court first pointed to the fact that Tracey was not "meaningfully compliant" with the condition that he seek employment upon his release. [The trial court] drew focus to the importance of that condition, by noting that Tracey was required to perform community service for 5 hours every week that he is not employed at least 20 hours a week. Tracey

- 4 -

presented no evidence that he was compliant with those terms. Next, the [trial court] discussed Tracey's non-compliance with the requirement of an appropriate home plan. The [trial court] considered the testimony presented from Tracey's girlfriend, Ms. Devina Wilhide, Officer Brooke Alleman, Tracey's parole officer, and [Tracey] himself. [N.T., 2/7/14.]

***

Based on all the testimony presented at the hearing, [the trial court] found that Tracey did not have an appropriate home plan, and had not secured employment. Based on his non-compliance he was not entitled to immediate parole. Tracey's argument that the sole reason for his continued confinement was a lack of a home plan is [without merit.] In [the trial court's] prior order, [the trial court] first drew focus to Tracey's inability to seek and obtain proper employment. The [trial court] then discussed Tracey's lack of a proper home plan. Both terms were required under the terms of his parole. Regarding the home plan, [the trial court] found the evaluations of the various home plan options by the Probation Department to be reasonable. It was clear by the testimony presented that Ms. Wilhide's residence would not be a suitable place for Tracey's home plan. Therefore, Tracey was not entitled to immediate parole.

Trial Court Opinion, 4/30/14, at 3-5. Based on the foregoing, we conclude that the trial court's decision was supported by the record.

Significantly, we also note that Tracey was paroled on March 27, 2014. *See* Order 3/24/14 (stating that Tracey is placed on parole effective March 27, 2014, for a period of 17 months 8 days under the supervision of the Franklin County Probation Department). Thus, Tracey's request for immediate parole is moot.

Based upon our review of the record, Tracey's appeal is frivolous. Accordingly, Necaster is permitted to withdraw.

Petition to withdraw as counsel granted; order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2014