J-S51044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BARBARA L. NEWMAN, | : | |
| | : | |
| Appellant | : | No. 1766 MDA 2013 |

Appeal from the Judgment of Sentence entered on September 5, 2013
in the Court of Common Pleas of Lycoming County,
Criminal Division, No. CP-41-CR-0001976-2012

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED SEPTEMBER 16, 2014**

Barbara L. Newman ("Newman") appeals from the judgment of

sentence imposed following the revocation of her probation.  Kathryn E.

Bellfy, Esquire, ("Bellfy"), Newman's counsel, has filed a Petition to

Withdraw as Counsel and an accompanying brief pursuant to ***Anders v.***

***California***, 386 U.S. 738, 744 (1967).  We grant counsel's Petition to

Withdraw and affirm Newman's judgment of sentence.

The trial court has set forth the relevant history as follows:

> Under Information 1976-2012,  [Newman] was charged
> with driving under the influence of alcohol ["DUI"] while
> incapable of safely driving and then refusing a chemical test of
> her blood, driving when her operating privilege was suspended
> as a result of a previous DUI, and several other summary
> offenses as a result of an incident on August 8, 2012, where she
> drove past a "Road Closed" sign and got her truck stuck on a
> portion of Route 864 that was under construction.  At the time
> [that Newman] committed these offenses, she was under
> probation supervision for simple assault, a misdemeanor of the

second degree, and trespass, a misdemeanor of the third degree[1], in case 1261-2011.

[Newman] failed to appear for a status conference and a bench warrant was issued for her arrest. [Newman] fled to Missouri, but was arrested and extradited back to Pennsylvania.

On August 8, 2013, [Newman] entered a no contest plea to DUI-incapable (refusal) and [driving while operating privilege is suspended] ["DUS"]-DUI related. On September 5, 2013, the court sentenced [Newman] to pay a $1,500 fine and to serve six months under the Intermediate Punishment Program with the first 90 days to be served at the pre-release center for DUI. In addition, the court sentenced [Newman] to 60 days of incarceration and a $500 fine for DUS-DUI related.

The court [] held [Newman]'s probation violation hearing on September 5, 2013. The court found that [Newman] violated her probation by absconding from supervision and committing a new criminal offense. The court revoked [Newman]'s probation and sentenced her to a term of 3 to 6 months of incarceration to be served consecutively to her sentence in case 1976-2012.

Trial Court Opinion, 9/5/13, at 1-2 (footnote added).

Newman filed a timely Notice of Appeal. On appeal, Newman's counsel, Bellfy, has filed a brief pursuant to **Anders** that raises the following question for our review: "Whether the trial court abused its discretion by issuing a sentence that is manifestly excessive or in excess of the plea agreement[?]" Brief for Appellant at 4. Bellfy filed a separate Petition to withdraw as counsel with this Court on April 28, 2014. Newman filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

"[W]e note that when faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on

---

[1] 18 Pa.C.S.A. §§ 2701(a), 3503(b)(1)(i)

- 2 -

the request to withdraw." ***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation, brackets, and quotation marks omitted). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw representation, he must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;

(2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and

(3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Curry***, 931 A.2d 700, 701 (Pa. Super. 2007) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.3d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and set forth the following requirements for ***Anders*** briefs:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, we conclude that Bellfy has substantially complied with each of the requirements of *Anders*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel needs to substantially comply with the requirements of *Anders*). Bellfy indicates that she has conscientiously examined the record and determined that an appeal would be frivolous. The record contains a copy of the letter that Bellfy sent to Newman, advising her of her rights to proceed *pro se* or retain alternate counsel and file additional claims and stating Bellfy's intention to seek permission to withdraw. Bellfy has complied with the procedural requirements for withdrawing from representation. Therefore, we shall proceed to an independent evaluation of the record to determine whether this appeal is wholly frivolous.

Here, Newman challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Titus*, 816 A.2d 251, 256 (Pa. Super. 2003). "Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id.*

Here, Newman filed a timely Notice of Appeal, but did not preserve the issue at sentencing or in a post-sentence motion. Nevertheless, because we are required to undertake an independent review of the record, we will address Newman's sentencing claim.

Newman presents, in her Rule 2119(f) statement, only a bald allegation of excessiveness and does not raise any challenge as to a violation of the Sentencing Code or a particular fundamental norm underlying the sentencing process. *See* Brief for Appellant at 7; *see also Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (stating we cannot look beyond the statement of questions presented and 2119(f) concise

statement to determine whether a substantial question exists).  Therefore, we conclude that Newman's claim does not present a substantial question for our review.  **See Titus**, 816 A.2d at 255-56 (stating that bald claim of excessiveness does not raise a substantial question).  Moreover, our independent examination of the record has convinced us that there are no other sentencing claims, not advanced by Bellfy, that would raise a substantial question to permit review of Newman's sentence.  **See id.** at 256.[2]

Based on our independent review of the record, we conclude that this appeal is frivolous.  For these reasons, we grant Bellfy's request to withdraw.

Petition to Withdraw as Counsel granted; judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/16/2014</u>

---

[2] We also note that at the sentencing hearing, the court noted that it believed that a three to six month sentence was lenient in light of the violations Newman had committed while on supervision.  N.T., 9/5/13, at 12.