J-S62033-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY TAYLOR, | : | |
| | : | |
| Appellant | : | No. 519 MDA 2017 |

Appeal from the Judgment of Sentence December 30, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002712-2013

BEFORE:   STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED OCTOBER 11, 2017**

Jeffrey Taylor (Appellant) appeals *nunc pro tunc* from the December 30, 2014 judgment of sentence of three to six years of incarceration after a jury found him guilty of one count each of burglary and theft by unlawful taking.  Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we deny counsel's petition without prejudice and remand for further proceedings consistent with this memorandum.

Appellant was charged with several crimes as a result of a burglary incident that occurred in the early morning hours of July 27, 2013. Appellant was arrested and released on bail.  A jury trial was held and on

_____

*Retired Senior Judge assigned to the Superior Court.

November 4, 2014,[1] and Appellant was found guilty of the aforementioned charges. On December 30, 2014, Appellant was sentenced as outlined above. Appellant did not file a direct appeal.

On January 13, 2016, Appellant *pro se* filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Attorney Jeffrey Yelen was appointed, and he filed a supplemental petition requesting the reinstatement of Appellant's right to a direct appeal *nunc pro tunc*. The petition was granted, and Appellant timely filed a notice of appeal to this Court. Attorney Yelen then requested to withdraw as counsel, and the trial court permitted counsel to withdraw and appointed Attorney Matthew Kelly to represent Appellant on his direct appeal.

The trial court ordered that Appellant file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed a concise statement raising two issues concerning the ineffective assistance of trial counsel. The trial court filed an opinion holding that issues with respect to the ineffective assistance of counsel are not available for review on direct appeal and therefore Appellant's judgment of sentence should be affirmed. Trial Court Opinion, 5/8/2017, at 1.

---

[1] The delay between the filing of charges and the jury trial was due to the fact that Appellant absconded while on bail on at least one occasion.

In this Court, counsel for Appellant filed both an *Anders* brief and a petition to withdraw as counsel.[2] Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to

---

[2] The Commonwealth has elected not to file a brief.

the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has failed to satisfy these requirements. Although counsel states he examined the record and concluded that this appeal is frivolous, Petition to Withdraw As Counsel, 7/19/2017, at ¶ 3, our review of the record reveals the absence of the transcript of Appellant's jury trial.[3] "Without these notes of testimony, [c]ounsel could not have fulfilled his duty to review the record for any non-frivolous issues." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Moreover, on appeal, counsel has identified and preserved only two issues for review, both of which concern the ineffective assistance of trial counsel. It is not clear to this Court how counsel could have identified these issues without the benefit of the transcript from the jury trial. Additionally, as the trial court and counsel observe, these issues are not even ripe for review at this juncture. *See Anders* Brief at 5 ("It is established that review of claims of ineffective assistance of counsel be deferred to PCRA review."); Trial Court Opinion, 5/8/2017, at 1 (same). After Appellant worked to have

---

[3] In addition, counsel has not cited to this transcript in his *Anders* brief.

his direct appeal rights reinstated, we cannot condone counsel's complete failure to identify any issue that could arguably support appeal.

Without the transcript of the jury trial, neither counsel nor this Court can satisfy its obligations under *Anders* and its progeny. *See Flowers*, 113 A.3d at 1250 (holding that "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel"); *Commonwealth v. Curry*, 931 A.2d 700, 702 (Pa. Super. 2007) ("Failure to supply a complete record to this Court for independent review will render a request to withdraw technically inadequate."). Accordingly, we deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum.

Upon remand, counsel must obtain the missing transcript and ensure its inclusion in the certified record. *Flowers*, 113 A.3d at 1251. After review of the entire record, counsel shall file either an advocate's brief or a new petition to withdraw and *Anders* brief that fully comply with the requirements detailed above.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.