J-S38038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MEGAN V. JEWELL, | : | |
| | : | |
| Appellant | : | No. 109 WDA 2018 |

Appeal from the Judgment of Sentence January 5, 2018
in the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000312-2014
CP-61-CR-0000353-2017
CP-61-CR-0000366-2017
CP-61-CR-0000387-2017

BEFORE:    BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 27, 2018**

Megan V. Jewell (Appellant) appeals from the January 5, 2018 judgment of sentence of an aggregate term of 32 to 64 months' incarceration following the revocation of her probation and after pleading guilty to two counts each of retail theft and aggravated assault.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and its progeny.  Upon review, we deny counsel's petition without prejudice and remand for further proceedings consistent with this memorandum.

Following her arrest for, *inter alia*, retail theft, state troopers transported Appellant to the hospital after she complained that she was experiencing

_____

*Retired Senior Judge assigned to the Superior Court.

pain.[1]   After being examined and released by the attending physician, but before leaving the hospital, Appellant became violent, striking a state trooper and attempting to bite medical staff.   As a result, Appellant was charged at docket numbers CP-61-CR-0000353-2017, CP-61-CR-0000366-2017, and CP-61-CR-0000387-2017 (collectively, "2017 cases") with, *inter alia*, two counts of retail theft and eight counts of aggravated assault.   On September 25, 2017, as part of a plea agreement, Appellant pled guilty to two counts of aggravated assault and two counts of retail theft.   Plea Agreement Form, 9/28/2017.   The remaining counts were *nolle prossed*.   A pre-sentence investigation (PSI) report was ordered and sentencing was deferred. Request for PSI Report, 9/28/2017.

Prior to sentencing and based upon Appellant's new criminal charges, the Commonwealth sought to revoke Appellant's probation at docket number CP-61-CR-0000312-2014.   Petition to Revoke Probation/Parole, 6/28/2017.   After waiving her right to a *Gagnon I* hearing, Appellant proceeded to a *Gagnon II* hearing.[2]   Following the hearing, the court issued an order in which it, *inter alia*, noted that Appellant stipulated to the alleged violations.   Order of Court, 12/21/2017.   Although not entirely clear from the record, it appears

---

[1] With limited information concerning the factual background of this case, we consulted counsel's *Anders* brief and the charging documents contained in the certified record to summarize the pertinent facts.   *See Anders* Brief at 6; Affidavits of Probable Cause (filed June 15 and July 29, 2017).

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

that as a result of Appellant's stipulations, the trial court revoked Appellant's probation. Sentencing was scheduled for the same day Appellant was to be sentenced in the 2017 cases. ***Id.***

On January 5, 2018, Appellant appeared before the trial court to be sentenced, and was sentenced as outlined above. Appellant did not file a post-sentence motion, but on January 16, 2018, Appellant timely filed a notice of appeal. That same day, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). No statement was filed. On March 20, 2018, the trial court entered an order stating that Appellant's failure to file a concise statement constituted waiver of all issues on appeal. Opinion of Court, 3/30/2018, at 1-2.

In this Court, counsel for Appellant has filed both an ***Anders*** brief and a petition to withdraw as counsel.[3] Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the

---

[3] The Commonwealth has elected not to file a brief.

right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, at 361 (Pa. 2009).

Counsel has failed to satisfy these requirements. Although counsel states he examined the record and concluded that this appeal is frivolous, Petition to Withdraw As Counsel, 4/26/2018, at ¶¶ 2, 5, our review of the record reveals the absence of a written guilty plea colloquy, as well as the

transcripts of Appellant's guilty plea and ***Gagnon II*** hearing.[4] "Without these notes of testimony, [c]ounsel could not have fulfilled his duty to review the record for any non-frivolous issues." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Without the transcripts of the guilty plea and ***Gagnon II*** hearing and without the benefit of being able to review the written guilty plea colloquy, neither counsel nor this Court can satisfy its obligations under ***Anders***. ***See Flowers***, 113 A.3d at 1250 (holding that "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel"); ***Commonwealth v. Curry***, 931 A.2d 700, 702 (Pa. Super. 2007) ("Failure to supply a complete record to this Court for independent review will render a request to withdraw technically inadequate.").[5] Accordingly, we deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum.

---

[4] In addition, counsel has not cited to these transcripts in his ***Anders*** brief.

[5] Moreover, on appeal, counsel has identified only one issue for review, a claim challenging the discretionary aspects of Appellant's sentence. However, counsel cites the standard of review for an illegal sentence claim, and its two-page "statement" to arguably support this issue contains no citation to the record and only a mere recitation of the court's statements at sentencing. Furthermore, although this Court was provided a copy of the transcript from the sentencing hearing, counsel does not cite to the relevant parts of the transcript to support his conclusion that the sole issue presented is frivolous.

Upon remand, counsel must obtain the missing transcripts and pertinent documents, and ensure their inclusion in the certified record. **Flowers**, 113 A.3d at 1251. After review of the entire record, counsel shall file either an advocate's brief or a new petition to withdraw and **Anders** brief that fully comply with the requirements detailed above.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.