J-S52042-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN JOHN COYLE, | : | |
| | : | No. 347 MDA 2018 |
| Appellant | : | |

Appeal from the Judgment of Sentence January 29, 2018
in the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000861-2016

BEFORE:    BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED: OCTOBER 17, 2018**

Devin John Coyle (Appellant) appeals from his January 29, 2018 judgment of sentence imposed after he pleaded guilty to defiant trespass and disorderly conduct.  Counsel has also filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we deny counsel's petition and remand for further proceedings consistent with this memorandum.

On December 5, 2016, Appellant was involved in an incident at a local tavern, which resulted in him being charged with one count each of defiant trespass, harassment, and resisting arrest, and two counts of disorderly conduct.  After a series of continuances, on November 27, 2017, Appellant entered a guilty plea to defiant trespass and disorderly conduct.  The remaining charges were dismissed.  On January 29, 2018, Appellant was

*Retired Senior Judge assigned to the Superior Court.

sentenced to a term of three days to three months of incarceration for the defiant trespass conviction, and 12 months of probation for the disorderly conduct conviction. Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, counsel has filed both an **Anders** brief and a petition to withdraw as counsel.[1] Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

---

[1] The Commonwealth has not filed a brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Further, our Supreme Court has specified the following requirements for the *Anders* brief:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. Super. 2009).

Counsel has failed to satisfy these requirements. Although counsel states he examined the record and concluded that this appeal is frivolous, Petition to Withdraw As Counsel, 6/20/2018, at ¶ 2, our review of the record reveals the absence of the transcripts from Appellant's plea and sentencing hearings.[2] "Without these notes of testimony, [c]ounsel could not have fulfilled his duty to review the record for any non-frivolous issues." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015).

On appeal, counsel has identified two issues for review, *i.e.*, whether Appellant's sentence is excessive and whether Appellant may withdraw his guilty plea. *Anders* Brief at 6. Without the transcripts of the plea and sentencing hearings, neither counsel nor this Court can satisfy its obligations

---

[2] In addition, counsel has not cited to these transcripts in his *Anders* brief.

under **Anders** and its progeny. **See Flowers**, 113 A.3d at 1250 (holding that "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel"); **Commonwealth v. Curry**, 931 A.2d 700, 702 (Pa. Super. 2007) ("Failure to supply a complete record to this Court for independent review will render a request to withdraw technically inadequate."). Accordingly, we deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum.

Upon remand, counsel must obtain the missing transcripts and ensure their inclusion in the certified record. **Flowers**, 113 A.3d at 1251. After review of the entire record, counsel shall file either an advocate's brief or a new petition to withdraw and **Anders** brief that fully comply with the requirements detailed above.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.