J-A30044-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KURT BANTUM, | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002204-2016

BEFORE:    SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          FILED JANUARY 10, 2019

Brian Kurt Bantum (Appellant) appeals from the August 31, 2017 judgment of sentence imposed after a jury convicted him of, inter alia, person not to possess a firearm.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  Upon review, we deny counsel's petition and remand for further proceedings consistent with this memorandum.

We glean the following procedural history from the record.[1]  On July 7, 2017, Appellant, represented by Attorney Mark Zearfaus, proceeded to a one-day jury trial.  At the conclusion of the trial, Appellant was convicted of

_____

[1] In light of our disposition, we need not recount the underlying facts at this time.


*Retired Senior Judge assigned to the Superior Court.

one count each of person not to possess a firearm, theft by unlawful taking, receiving stolen property, and disorderly conduct.[2]  On August 31, 2017, the trial court sentenced Appellant to an aggregate term of five to ten years of incarceration.

On September 5, 2017, Appellant filed a counseled post-sentence motion to modify sentence and for a new trial based on the weight of the evidence.[3]  By order filed September 12, 2017, the trial court denied Appellant's post-sentence motion.

On September 13, 2017, Appellant pro se filed a purported notice of appeal alleging, inter alia, that Attorney Zearfaus provided ineffective assistance of counsel, and requesting the appointment of new counsel.  In response, on September 29, 2017, Attorney Zearfaus filed a motion for leave to withdraw as counsel with the trial court and requested a hearing to determine whether Appellant wished to represent himself or have new counsel appointed.  On October 2, 2017, Appellant filed a motion to remove Attorney Zearfaus as counsel and again sought appointment of new counsel for purposes of appeal.

---

[2] By simultaneous bench trial, the trial court found Appellant guilty of four summary offenses.  Order, 6/12/2017.

[3] Additionally, Appellant pro se filed a post-sentence motion on September 8, 2017, which the trial court denied on September 21, 2017, because Appellant was represented by counsel.

The scheduled hearing on Attorney Zearfaus's motion was postponed several times. While disposition on the motion was pending, Attorney Zearfaus timely filed the instant notice of appeal to preserve Appellant's appellate rights. Accordingly, Attorney Zearfaus was docketed as attorney of record in this Court.

Thereafter, a hearing was held on November 30, 2017,[4] at the conclusion of which the trial court granted Attorney Zearfaus's petition to withdraw as counsel and appointed new counsel for Appellant, Attorney Robert Donaldson. Order, 11/30/2017. The trial court ordered Attorney Donaldson to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Attorney Donaldson complied, alleging that the verdict was against the weight of the evidence. Pa.R.A.P. 1925(b) Statement, 5/3/2018, at 2. Thereafter, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Because Attorney Donaldson never entered his appearance in this Court pursuant to Pa.R.A.P. 120,[5] all notifications regarding this appeal,

---

[4] The transcript for this hearing has not been made part of the record. See *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000-01 (Pa. Super. 2006) ("[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts."). In light of our disposition, we direct counsel on remand to ensure that this transcript is included in the certified record.

[5] This rule provides that, "[n]ew counsel appearing for a party after docketing pursuant to Rules 907(b)… shall file an entry of appearance
(Footnote Continued Next Page)

including the briefing schedule, were sent to Attorney Zearfaus. However, because Attorney Zearfaus believed that he was no longer Appellant's counsel for appeal, he did not file a brief on Appellant's behalf. Attorney Donaldson did not inquire with this Court regarding the status of Appellant's appeal, and did not file a brief on Appellant's behalf. Thus, on July 27, 2018, this Court dismissed Appellant's appeal for failure to file a brief.

On August 6, 2018, Attorney Zearfaus filed a petition to reinstate Appellant's appeal. Therein, he explained that he was no longer counsel of record because he was granted leave by the trial court to withdraw, but nonetheless asked this Court to reinstate Appellant's appeal, order Attorney Donaldson to enter his appearance, and issue a new briefing schedule to Attorney Donaldson. By per curiam order, this Court granted the petition to reinstate Appellant's appeal, directing counsel to file a brief by September 6, 2018. However, this Court also held "[t]o the extent that Attorney Zearfaus seeks to withdraw his appearance, that request is denied without prejudice. Should substitute counsel enter his or her appearance in this Court, Attorney Zearfaus may again seek to withdraw in this Court." Order, 8/16/2018.

(Footnote Continued) ———————————

simultaneous with or prior to the filing of any papers signed by new counsel." Pa.R.A.P. 120(a). Rule 907(b) provides that once 30 days have passed from the docketing of the appeal, "a counsel's appearance for a party may not be withdrawn without leave of court, unless another lawyer has entered or simultaneously enters an appearance for the party." Pa.R.A.P. 907(b). Attorney Donaldson did not enter his appearance in this Court, and therefore Attorney Zearfaus remains counsel of record in this Court.

Attorney Donaldson, to this date, still has not entered his appearance with this Court. On September 19, 2018, Attorney Zearfaus filed a petition to withdraw and Anders brief. The Commonwealth has not filed a reply brief in this matter. In response to Attorney Zearfaus's Anders brief, Appellant filed pro se an application for clarification, asserting that Attorney Donaldson represents him on appeal, not Attorney Zearfaus. Pro se Application for Clarification, 12/12/2018.

With this background in mind, we turn to our standard of review in Anders cases.

> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....

> Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the Anders procedure as follows.

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361. "Failure to supply a complete record to this Court for independent review will render a request to withdraw technically inadequate[.]" Commonwealth v. Curry, 931 A.2d 700, 702 (Pa. Super. 2007) (citation omitted).

Based upon our examination of counsel's petition to withdraw and Anders brief, we conclude that counsel has not complied substantially with the technical requirements set forth above because counsel failed to include the November 30, 2017 hearing transcript in the certified record. Without that transcript, neither counsel nor this Court can satisfy its obligations under Anders and its progeny. See Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (holding that "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel").

We are cognizant that we may remand solely for the incomplete record. However, in the interest of judicial economy, and because we are concerned with the apparent abandonment of Appellant by his trial-court-appointed appellate counsel, Attorney Donaldson, we address one additional issue that is apparent from the record so that it may be remedied on remand. In his Anders brief, counsel considers and disposes of, inter alia,[6] a weight of the evidence claim. Anders Brief at 16-17. However, upon review of the record, we find that the trial court misapplied the sufficiency-of-the-evidence standard to Appellant's weight claim in ruling on his post-sentence motion, instead concluding that the evidence was sufficient to support Appellant's convictions. Order, 9/12/2017, at 2-3 (unnumbered); see also Trial Court Opinion, 5/14/2018, at 3-4, 15-16.

On review of weight claims, this Court's role "is to review the trial court's exercise of discretion in ruling on a weight of the evidence challenge. We do not review the underlying question of whether the verdict is against the weight of the evidence." Commonwealth v. Sullivan, 820 A.2d 795, 807 (Pa. Super. 2003) (citation omitted). Because the trial court applied the

---

[6] It appears from Appellant's pro se notice of appeal that he sought to pursue claims regarding Attorney Zearfaus's ineffective assistance of counsel on appeal, which Attorney Zearfaus did not address in his Anders brief. We recognize that this obvious conflict, among other things, clearly demonstrates that Attorney Zearfaus should not still be Appellant's counsel of record on this appeal. We hope that our disposition, detailed infra, will straighten out this tangled web of representation soon.

wrong standard in its analysis of Appellant's weight-of-the-evidence claim, "we are unable to conduct our limited review as to whether the trial court abused its discretion in concluding that its conscience or sense of justice was not shocked by the guilty verdict." Id. (footnote omitted). Thus, because the trial court applied the wrong standard of review and failed to provide this Court with an explicit determination on the weight of the evidence, we cannot agree with counsel that Appellant's claim that the trial court erred in denying his motion for a new trial based on the weight of the evidence is frivolous.

In light of the foregoing, we deny counsel's petition for leave to withdraw pursuant to Anders and remand the case with instructions. On remand, the trial court must rule on Appellant's weight-of-the-evidence claim under the appropriate standard, and write a supplemental opinion, within 30 days of the filing of this memorandum, detailing its ruling and findings. See Commonwealth v. Ragan, 653 A.2d 1286, 1288 (Pa. Super. 1995) (remanding for supplemental opinion where trial court addressed sufficiency of the evidence but not weight of the evidence). Additionally, the trial court shall appoint new counsel for Appellant, who shall enter his or her appearance with this Court in compliance with Pa.R.AP. 120 and 907. Thereafter, Attorney Zearfaus may seek leave to withdraw with this Court. Finally, Appellant's counsel shall ensure the inclusion of the November 30, 2017 hearing transcript in the certified record and, following review of the

entire record, shall file either an advocate's brief or a petition to withdraw and Anders brief that fully comply with the requirements detailed above within 60 days of the trial court's supplemental opinion. The Commonwealth may file a brief in response 30 days thereafter.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2019