J-A10040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KASAN ROBERT SANDERS | : | |
| | : | |
| Appellant | : | No. 1244 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 23, 2020
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0002139-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: AUGUST 23, 2022**

Appellant, Kasan Robert Sanders, appeals *nunc pro tunc* from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his bench trial convictions for four counts of persons not to possess firearms.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Detective Cassandra McCormack, an officer with the Lycoming County District Attorney's Office Narcotics Enforcement Unit, conducted four controlled buys of heroin using a confidential informant (CI).  The buys occurred on October 18, 23, 25, and November 7, 2017.  Prior to each buy, Detective McCormack searched the CI to eliminate the presence of contraband or money and

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

provided the CI with pre-recorded police funds. The CI then proceeded to 513 High Street where the CI purchased heroin. After the four controlled buys, detectives presented a photo line-up to the CI, who immediately identified Appellant as the individual who sold the heroin to the CI during all four of the controlled buys.

On November 9, 2017, officers obtained and executed a search warrant for 513 High Street, during which they recovered heroin and firearms. On December 12, 2017, the Commonwealth charged Appellant at the current docket No. CP-41-CR-0002139-2017 ("No. 2139-2017"), with four counts of persons not to possess firearms, two counts of possession with the intent to deliver a controlled substance, and two counts of possession of a controlled substance. On December 27, 2017, Appellant waived formal arraignment.

On April 17, 2018, the trial court consolidated for trial the charges at the current docket with other drug charges arising at a different docket No. CP-41-CR-0001972-2017 ("No. 1972-2017"). At Appellant's request, however, the court severed for trial the four counts of persons not to possess a firearm at No. 2139-2017.

On October 1, 2018, Appellant filed a motion to suppress the evidence recovered from the search, asserting that the search warrant failed to include sufficient information or facts to support the reliability of the CI. The court held a suppression hearing on October 8, 2018, and the court denied relief the next day. In denying the motion, the court found that the affidavit

contained information regarding the CI's four controlled buys and provided that both the CI and another confidential source stated that Appellant had been seen with a firearm in his possession. Therefore, the court concluded the affidavit established sufficient probable cause to search 513 High Street. The court further noted that Appellant was not entitled to the remedy of suppression in any event, because he did not have a reasonable expectation of privacy at that address. The court elaborated:

> In [his motion to suppress, Appellant] asserts that he was not listed on the lease for 513 High Street; in fact, there were no leased or rent paying tenants at that address according to the property management. Defense counsel verified … that the statements contained in the motion were true…. Furthermore, during the proceedings [Appellant] made statements to the effect that everybody just went to that address to get high; if that made the place his house, it was the [CI]'s and numerous other individuals' house as well. Since [Appellant] has not shown an objectively reasonable privacy interest in the premises searched, he is not entitled to the remedy of suppression.

(Trial Court Opinion, 10/9/18, at 4-5).

On October 11, 2018, one day before trial was scheduled, Appellant sought a continuance to investigate the CI's prior *crimen falsi* conviction. If granted the continuance, Appellant said he would file a motion for formal discovery, followed by a request for a hearing/suppression under ***Franks v. Delaware***, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[2] (***See*** N.T.

---

[2] Our Supreme Court has explained:

*(Footnote Continued Next Page)*

Hearing, 10/11/18, at 11). The court characterized Appellant's request for a continuance to conduct discovery as a "fishing expedition," and denied the motion for continuance. The court also denied counsel's oral motion for a *Franks* hearing.[3] (*Id.* at 22).

On October 12, 2018, Appellant proceeded to a bench trial for only the firearms offenses at the current docket No. 2139-2017. At the conclusion of

_____

> [*Franks*] addressed whether a defendant has the right, under the Fourth and Fourteenth Amendments, to challenge the truthfulness of factual averments in an affidavit of probable cause. The Court held where the defendant makes a substantial preliminary showing the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the affidavit, the Fourth Amendment requires a hearing be held at the defendant's request. The Court emphasized the defendant's attack on the affidavit must be "more than conclusory and must be supported by more than a mere desire to cross-examine"; the defendant must allege deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof. If the defendant meets these requirements, but the remainder of the affidavit's content is still sufficient to establish probable cause, no hearing is required. If the affidavit's remaining content is insufficient, a hearing is held, at which the defendant must establish, by a preponderance of the evidence, the allegation of perjury or reckless disregard. If he meets this burden, the affidavit's false material is disregarded; if its remaining content is insufficient to establish probable cause, the search warrant is voided, and the fruits thereof are excluded.

*Commonwealth v. James*, 620 Pa. 465, 478, 69 A.3d 180, 188 (2013).

[3] Based on our review of the record, it appears that counsel stated his intent to file a *Franks* motion **after** conducting more discovery. (N.T. Hearing, 10/11/18, at 11). Because the trial court characterizes counsel's statement as an oral *Franks* motion, however, we will do the same.

trial, the court convicted him of the four firearms offenses.

On August 14, 2019, Appellant filed a Pa.R.Crim.P. 600 motion to dismiss the drug charges remaining at No. 2139-2017, and to dismiss the charges at No. 1972-2017. The court denied the motion on September 5, 2019. On September 6, 2019, Appellant entered a negotiated guilty plea at No. 1972-2017. As part of the plea agreement, the Commonwealth withdrew the remaining drug charges in the instant case, No. 2139-2017. On December 11, 2019, the court sentenced Appellant to two consecutive terms of five to ten years' incarceration and two concurrent terms of five to ten years' incarceration for his firearms convictions.

Thereafter:

> On December 23, 2019, Appellant filed a post sentence motion in which he asserted that the evidence was insufficient to support his firearms convictions, the court erred in denying his *Franks* motion to suppress, and the court should have imposed a lesser sentence.
>
> On January 23, 2020, the court reconsidered Appellant's sentence and imposed concurrent sentences of five to ten years' incarceration on all of Appellant's firearms convictions. In all other respects, the court denied Appellant's post sentence motion. [With respect to the *Franks* issue, the court found that Appellant did not have a reasonable expectation of privacy in the residence that would entitle him to suppression. Moreover, it noted that even if Appellant had such an expectation of privacy, the affidavit would have established probable cause to search.] Appellant did not file a direct appeal.
>
> On November 19, 2020, Appellant filed a PCRA petition in both cases. The court appointed counsel to represent Appellant and gave counsel the opportunity to file an amended PCRA petition. After obtaining the transcripts of

- 5 -

various proceedings, PCRA counsel filed, on April 7, 2021, an amended PCRA petition alleging various claims of ineffective assistance of trial counsel. The court held hearings on Appellant's amended PCRA petition on July 6, 2021 and July 22, 2021. During the hearings, an additional issue was raised and accepted for determination, namely whether counsel was ineffective for failing to appeal the court's denial of his post sentence motion. By Opinion and Order entered on September 16, 2021, the court reinstated Appellant's direct appeal rights *nunc pro tunc*, but otherwise rejected Appellant's ineffective assistance of counsel claims.

(Trial Court Opinion, 10/28/21, at 2-3) (footnote omitted).

On September 24, 2021, Appellant timely filed a notice of appeal *nunc pro tunc* at **only** No. 2139-2017. On September 29, 2021, Appellant filed a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises the following issue on appeal:[4]

Whether the trial court erred in denying [Appellant's]

---

[4] In addition to his issue on appeal concerning the denial of his suppression motion, Appellant appears to challenge the court's denial of his Rule 600 motion. (Appellant's Brief at 7, 13-15). Nevertheless, counsel concedes this issue is frivolous in light of Appellant's guilty plea at No. 1972-2017. (**Id.** at 15). We repeat that the Commonwealth withdrew the drug charges at the current docket in exchange for Appellant's plea at No. 1972-2017. Ordinarily, we would remand for counsel to file either a proper advocate's brief, or a petition to withdraw and brief compliant with **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **See Commonwealth v. Anderson**, 307 A.2d 387, 392 (Pa.Super. 1973) (stating that following **Anders**, "counsel on appeal has one of two choices: he may file a brief and argue that case, or counsel may request to withdraw from the case if he finds the appeal to be frivolous"). Because of the unique circumstances of this case, however, where Appellant's challenge to the denial of the Rule 600 motion relates only to No. 1972-2017, which is not before us on appeal, we decline to remand and will not give this issue any further attention.

*Franks* suppression motion[?]

(Appellant's Brief at 7) (unnecessary capitalization omitted).

Appellant argues that the affidavit of probable cause to obtain the search warrant was based on unreliable evidence. Appellant asserts the CI had a prior theft conviction which, if investigated and presented to the court, would have convinced the court the CI was unreliable, and would have precluded issuance of the warrant. Appellant concludes the court erred in denying his motion for continuance and request for relief under *Franks*, and this Court must grant relief. We disagree.

Our standard and scope of review are as follows:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

**Commonwealth v. Ford**, 175 A.3d 985, 989 (Pa.Super. 2017), *appeal denied*, 647 Pa. 522, 190 A.3d 580 (2018) (citation omitted).

> Under Pennsylvania Rule of Criminal Procedure 578, unless otherwise required in the interests of justice, all pretrial requests, including a request for suppression of evidence, must be included in one omnibus pretrial motion. *See* Pa.R.Crim.P. 578, Comment. Rule 579 states that an omnibus pre-trial motion must be filed within 30 days of arraignment. The only exceptions to this rule are: (1) the opportunity to do so did not exist, (2) the defendant or defense counsel was unaware of the grounds for the motion, or (3) the time for filing was extended by the court for good cause shown. *See* Pa.R.Crim.P. 579(A).

*Commonwealth v. Borovichka*, 18 A.3d 1242, 1248 (Pa.Super. 2011). Rule of Criminal Procedure 581 provides that the time for filing pretrial motions, including suppression motions may be extended in the interest of justice. Pa.R.Crim.P. 581(B).

Further, regarding continuance requests:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa.Super. 2016).

Instantly, Appellant filed his suppression motion on October 1, 2018, nearly ten months after the December 2017 filing of the criminal information in this matter and Appellant's waiver of formal arraignment. Despite the untimeliness of this motion, the trial court conducted a hearing on October 8, 2018, and denied relief the next day. Notably, Appellant did not request relief

under **Franks** in this motion. Instead, on October 11, 2018, one day before trial was scheduled, Appellant requested a continuance to conduct additional discovery regarding the CI's *crimen falsi* conviction, and explained that if granted the continuance, he would file a motion for formal discovery and subsequently file another suppression motion and request for a hearing under **Franks**. (**See** N.T. Hearing, 10/11/18, at 11). Counsel admitted that he had the CI's prior record since the inception of the charges but had not investigated it. (**Id.** at 4-5). The court denied Appellant's requests for relief as untimely.

Here, Appellant was provided the information about the CI's criminal history months before asserting a potential **Franks** issue—but had failed to investigate it. Appellant's failure to act resulted in a "eve of trial" request that could have been advanced much sooner. We see no reason to disrupt the trial court's denial of such a tardy request. **See Ford, supra**; **Borovichka, supra**. **See also Norton, supra**.

Moreover, Appellant would not have been entitled to suppression relief in any event. It is well-settled that "a defendant must show that he had a privacy interest in the place invaded or thing seized that society is prepared to recognize as reasonable." **Commonwealth v. Enimpah**, 630 Pa. 357, 364, 106 A.3d 695, 698 (2014). "[I]f the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, § 8 is implicated." **Id.** at 364, 106 A.3d at 699.

> An expectation of privacy will be found to exist when the individual exhibits an actual or subjective expectation of privacy and that expectation is one that society is prepared to recognize as reasonable. ***Commonwealth v. Jones***, 874 A.2d 108, 118 (Pa.Super. 2005). In determining whether a person's expectation of privacy is legitimate or reasonable, the totality of the circumstances must be considered and the determination will ultimately rest upon a balancing of the societal interests involved. [***Commonwealth v. Peterson***, 535 Pa. 492, 636 A.2d 615, 619 (1993)]. "The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances." ***Jones,*** [***supra***] at 118.

***Commonwealth v. Viall***, 890 A.2d 419, 422 (Pa.Super. 2005).

Here, the trial court explained:

> Appellant did not have a reasonable expectation of privacy in the residence that entitled him to suppression. Appellant was not residing at the property; he resided next door. He went to the property to conduct drug transactions and to hang out and watch the property if need be. There was no testimony whatsoever that Appellant owned or leased the property; in fact, the testimony was to the contrary. Instead, the "trap house" was a structure that Appellant and others were utilizing to conduct drug transactions and to use controlled substances. Appellant did not have a reasonable expectation of privacy in these premises; therefore, he was not entitled to the remedy of suppression.

(Trial Court Opinion at 7-8) (citations omitted).

We agree with the trial court that it would have been unreasonable for Appellant to have expected to maintain a privacy interest in objects left in the "trap house." ***See Enimpah, supra***. Therefore, even if Appellant had uncovered more information in discovery regarding the CI's *crimen falsi* conviction and timely filed a ***Franks*** suppression motion/request for a

hearing, he would not have been entitled to relief because he did not have a reasonable expectation of privacy in the premises searched. Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2022